WM. L. SIBLY v. JAS. W. ARMSTRONG.

Judgment — Motion for New Trial — Surprise.

Whenever by the fault of the plaintiff or other cause of surprise to the defendant, which he could not by ordinary prudence have discovered and avoided, the presumption is strong that an unjust judgment has been rendered and the court on application made at the same term, within the exercise of a sound and just discretion, will set aside the judgment and permit defense to be made, if a sufficient defense be disclosed.

Plaintiff by agreement with defendant proposed and conditionally entered into an agreement to comprise his claim upon the execution and delivery by defendant of three notes of $50 each with a mortgage to secure them on the property attached. The notes and mortgage were executed and delivered by defendant, and plaintiff did not return them during the term of court, but proceeded with the action and took judgment by default: *Held,* that such condition of facts will justify, upon proper motion and affidavit, the setting aside of the judgment and defendant allowed to defend the action.

APPEAL FROM BRACKEN CIRCUIT COURT.

June 21, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The judgment was rendered on the 30th of August, and the application to set it aside and permit the defendant to put in his defense was made on the 1st of September, 1866, and during the same term. The affidavit of the appellant, offered to be filed, set forth substantially that after the institution of the suit the plaintiff proposed and conditionally entered into an agreement to compromise his claim upon the execution and delivery by the appellant of three notes of $50 each with a mortgage to secure them on the attached property, and that the notes and mortgage were made and delivered, to be retained in satisfaction of the claim or returned to appellant, and the appellee not having returned the notes and mortgage the appellant believed them to have been accepted and the controversy settled thereby, and that he was thus deceived and prevented from defending the action.

It is a well-settled principle that whenever by the fault of the plaintiff or other cause of surprise to the defendant, which he could

not by ordinary prudence have discovered and avoided, the presumption is strong that an unjust judgment has been rendered, the court, on application made at the same term within the exercise of a sound and just discretion, will set the judgment aside and permit defense to be made if a sufficient defense be disclosed.

The affidavit not only states facts which, if true, constitute grounds for discharging the attachment, but discloses *prima facie* at least a good defense to the action, as the acceptance of the mortgage to secure even a smaller sum than the original debt constituted a sufficient consideration for the alleged agreement, and although the defense is imperfectly presented in the answer tendered, regarding the motion as based on both the affidavit and answer, it should, in our opinion, have been sustained, and an opportunity allowed to defend the action.

The judgment is, therefore, reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Harlan,* Appellant.

*Armstrong,* Appellee.