JUDGE PETERS
delivered the opinion op the court:
Prior to August, 1865, L. R. Queen and Frank Curran were engaged in distilling, as partners, under the firm name of L. R. Queen & Co. Before the partnership was dissolved L. R. Queen died, leaving appellant, PI. A. *108 Hayden, then H. A Queen, Ms widow, who subsequently married appellant, Q. F. Hayden.
L. R. Queen died intestate, and administration on Ms estate was granted to L. M. Queen, his brother, and he and Curran continued the business of distilling under the old firm name of L. R. Queen & Co.; and in 1865 executed a note to appellee, Moore, in the name of said firm, for the hire of a slave whom they employed in the business. This note was not paid, and an action was brought on it by appellee against L. M. Queen, F. Cur-ran, and the then widow, II. A. Queen, as the persons who composed said firm.
When the summons was served upon her she took it in her hand and went to her brother-in-law, L. M. Queen, and asked him what it meant and why was she sued ? He replied that she was not bound for the debt, and they could not recover any judgment against her; that the proceeding was merely formal against her, and she was in no danger.
Lulled by the information received from her friend, and deceived innocently, doubtless, on his part, so far as one can be innocent who counsels one on subjects of which he is ignorant, she made no defense to the action; and judgment was rendered against her with the other defendants, L. M. Queen and F. Curran.
This action was afterwards brought by herself and husband, with injunction to be relieved from said judgment, to satisfy which her property was levied on by the sheriff.
There is no evidence whatever that appellee Moore, or his attorney, either directly or indirectly, had any communication whatever with her; she neither sought advice from them nor any attorney, but went to her brother-in-law, who told her she was in no danger, and, confiding in Mm, she gave herself no further concern *109 about it. L. M. Queen’s deposition was taken; but the’ most he proves is, that Moore’s attorney told him the sheriff would make the money out of the property of the other defendants, and that was subsequent to the rendition of the judgment against her. The injunction was dissolved, and the petition dismissed; and from that judgment this appeal is prosecuted.
Relief was properly refused. If judgments could be set aside or perpetually enjoined upon the grounds made out in this case, a resort to judicial tribunals for remedies or a redress of grievances would be too uncertain to be relied upon, or to command the confidence of any one.
This is but another, added to the almost numberless cases with which judges are too often confronted, where the innocent become the unfortunate victims of those who assume to be competent to give advice, and are as ignorant on the subject as those who make the application ; and courts are powerless to afford legal relief.
If appellee or his attorney had, before judgment was rendered against Mrs. Hayden, said - to her that she was made a defendant i-n the action pro forma, and that they had no intention of making her responsible for the debt, or had done or said anything to put her off her guard or prevent her from defending the action, such conduct would have entitled her to relief. But there is no evidence that either of them contributed in any way to lull or deceive her. It was her misfortune to consult and act upon the advice of a friend, who was as ignorant as herself on the subject, and failed by the use of proper means to enable himself to give safe counsel.
The evidence, it is true, shows satisfactorily she was not a partner, and was not bound originally for the debt, and, by the use of proper means, could have defeated a *110 recovery against her; but having failed to use the means of escape which the law afforded her at the proper time, she is now remediless.
Wherefore, the judgment is affirmed.