CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
On the 29th of April, 1867, Benjamin W. Hitchcock, of the state of New York, but then temporarily in Lewis County, Kentucky, was sued by John McCall in an ordinary action for twenty-two thousand five hundred dollars, for which, on the 28th day of May, 1867, Hitchcock having failed to answer, the court “upon proof heard in open court” rendered a judgment against him. The petition as amended before the judgment was taken imported a liability of the defendant to account to the plaintiff for three hundred shares of stock in the *68 “Vanceburg Petroleum and Mining Company,” representing the nominal sum of twenty-five dollars per share, and also six hundred shares of like stock in the “Shale City Petroleum Company,” which nine hundred shares of stock the plaintiff alleged, in effect, had been accepted by him from the defendant at their par value, amounting to.said sum of twenty-two thousand five hundred dollars, in part payment of the price of lands, purchased by the latter and one Leonard Barney, to be used by said coi’porations or others mainly for the purpose of obtaining oil from shale, in which the lands abounded; and as to the acceptance of the stocks, the plaintiff further alleged in substance that, although they were utterly worthless, he was induced to receive them as for their value by false and fraudulent representations of the defendant as to the character, ability, and prospects of the companies then about engaging in said business, and by his guaranty that the.stock would be worth twenty-two thousand five hundred dollars on or before the first of March, 1866; and that if it failed to be then worth that much, he would pay that sum to the plaintiff.
Hitchcock, who in the mean time had gone to New York, it appears, received information there of the judgment against him; and returning to Kentucky on the 9th day of July, 1867, filed a petition for an order vacating the judgment against him, and a new trial on the ground of accident or surprise which ordinary prudence could not have guarded against (Civil Code, secs. 369, 373), and also for alleged “ unavoidable casualty or misfortune,” preventing him from appearing and defending the action, as provided by section 579 of the Code; and tendering an answer to the original petition, and setting forth substantially the same facts as therein alleged as constituting a sufficient defense, he alleged certain other facts, which we .will hereafter more particularly mention, conducing to show that, although he was duly summoned- to answer McCall’s petition, he was -unavoidably prevented from doing so, and from preparing and *69 making his defense, by the accidental temporary loss of the papers, or the failure or inability of the proper officers of the court to produce and show them to him and his counsel when they sought to see them, as they had a right to do, and as was necessary to enable him to defend the action.
McCall filed an answer controverting the material averments of the petition, and alleging facts, moreover, tending to show that the inability of the plaintiff and his counsel to learn the nature of the original action by inspecting the papers was attributable alone to their own laches and fault. A trial of the case having resulted in an order setting aside the former judgment and granting to Hitchcock a new trial of the action against him, McCall has appealed from that decision to this court; and Hitchcock having also presented an appeal from the original judgment, the two .appeals have been argued and submitted together, and will be so disposed of in this opinion.
If the judgment awarding a new trial shall be affirmed, it must logically result that the appeal of Hitchcock should be dismissed, for in that event there will be no judgment against him to be revised by this court. For obvious reasons therefore the appeal of McCall should be first considered. Although this court has already, upon mature consideration, overruled a motion of Hitchcock to dismiss this appeal, based on the supposed ground that the judgment was not final, and therefore not subject to revision in this court on this appeal (7 Bush, 616), we are yet somewhat persistently urged to review the grounds of that decision. If we had the time and inclination to do so, we are sure that this second argument of the question of jurisdiction has failed to present it in any aspect more favorable to the appellee than that in which it was before carefully considered, and, as we believe, correctly decided.
With reference to the evidence conducing to show the existence of a valid defense to the original action, we refrain from saying more than that we regard it as sufficient to entitle *70 the plaintiff to a new trial, under section 582 of the Civil Code, if he has sustained his alleged excuse for failing to appear and defend that action. The essential question to be determined therefore is whether upon the facts and circumstances proved the conclusion is authorized that the failure of the appellee to appear and defend the action against him was caused by accident or surprise which he could not guard against by the use of ordinary prudence, or unavoidable casualty or misfortune.
It appears that on the day of the institution of McCall’s suit Hitchcock, who with his wife was sojourning at the house of McCall, and then about leaving Lewis County for the state of New York, was at the clerk’s office in Yanceburg, in company with McCall, engaged in settling some business matters, and among them an account of his attorney Thomas for seventy-five dollars, which he paid; and that, unaware that either Thomas or McCall was about to sue him, he started to walk with McCall from the clerk’s office to the house of the latter, and was overtaken on the way by the sheriff, who delivered to him copies of summons in the suit of McCall, and also an action just brought by Thomas against him. It does- not certainly appear that he examined these papers further than to see that they were summons in suits against him; whereupon he became exasperated, and threw away or tore up the papers, and cursed the county and its people. Leaving the house of McCall on that evening, he went to Cincinnati or Covington, where he engaged the services of Mr. Myers, a practicing lawyer, with whom and in company with Barney he went back to Yanceburg to investigate and prepare to defend the suits which Thomas and others had brought against him, as well as other cases against the oil companies in which he and Barney were interested. On arriving at Yanceburg and repairing to the clerk’s office it appears that Myers called on the deputy clerk to show him *71 “the papers in all of the suits in which the Ohio River Petroleum Company was a party, and also against Barney, Wells, and Hitchcock,” and that the deputy did produce for his inspection a number of suits of the description asked for; Mr. Halbert, one of the attorneys who had brought the suit of McCall, being present and assisting the deputy clerk in finding some of the papers, as Myers testifies. But although Hitchcock said at the time he thought there was a suit in favor of McCall which had not been produced and furnished to his attorney, the deputy upon further examination failed to find such a case in the office; from which, and the fact that in another suit against Hitchcock an amended petition had been filed on which a summons might have been issued, the attorney was led to believe there was no suit of McCall against Hitchcock, and in effect so advised him. This mistake seems to have lulled both Hitchcock and his attoi’ney, and thereby caused their failure to defend the action.
Do these facts constitute a proper case for relief, either under section 369 or section 579 of the Code?
It is a general principle of practice that “ when a party or his counsel are taken by surprise, whether by fraud or accident, on a material point or circumstance which could not. reasonably have been anticipated, and when want of skill, care, or attention can not be justly imputed, and injustice has been done, a new trial will be granted.” (1 Graham and Waterman on New Trials, 169; Seymour v. Miller, 32 Conn. 402; Martin v. Podge, 5 Burrows, 2631.)
Common justice seems to require the application of this, principle in its full force for the relief of Hitchcock in this case, unless he deprived himself of its benefit by his own rash and seemingly improper act in destroying the copy of the summons which might, if preserved, have been useful to his counsel and the clerk in their search for the papers of the suit. It is not, however, every neglect or merely constructive fault *72 in a party seeking a new trial, in a case of manifest hardship, such as we are constrained to think this is, that should deprive him of relief (Turner’s adm’r v. Booker, 2 Dana, 334); and upon' all the facts disclosed we are of the opinion that the court properly adjudged a new trial.
As to the appeal of Hitchcock, it results, for reasons already suggested, that it must be dismissed.
Wherefore the judgment in favor of Hitchcock is affirmed, and his appeal from the other judgment is dismissed.