JUDGE LINDSAY
delivered the opinion op the court.
This action was instituted to recover the value of about five hundred barrels of whisky consumed in the bonded warehouse of appellant Macklin, which was destroyed by fire in the month of April, 1869. The whisky was held by the Federal Government to secure the payment of the internal revenue tax due thereon, and was in the joint custody of appellant, a bonded warehouseman, and of a government store-keeper.
Upon this appeal it is neither necessary nor proper for this court to undertake to decide as to the preponderance of the evidence. We deem it sufficient to say that the testimony is of that character which will not authorize us to interfere with the verdict of the jury, in case it shall be found that the law has been correctly expounded to them in the instructions given by the court below. Without referring in detail to the laws of Congress regulating the rights, duties, and powers of keepers of bonded warehouses, we hold that the appointment by the Internal Revenue Department of store-keepers, who are invested with the joint custody with the warehousemen of the warehouses and the goods stored therein, does not lessen in any degree the diligence which the latter as bailees for hire are by the general laws required to exercise to prevent fire from being communicated to their houses or to the goods in their custody.
The right of the store-keeper to ingress into the warehouse for the discharge of certain duties imposed upon him by law does not exonerate the warehouseman from the use of at least *5 ordinary diligence in preventing the goods stored therein from being damaged or destroyed by the recklessness or carelessness of that officer. What will constitute proper diligence in this regard must to a very great extent depend upon the character of the duty being discharged by the store-keeper and the power of the warehouseman to supervise or control his actions; but as they are of equal authority in opening and closing the house, and as it is the duty of the warehouseman to be present when it is closed, he can not complain that he is held to the exercise of reasonable diligence in seeing that no combustible matter is left in the house in a condition likely to become ignited, and he can not be excused because of the fact that it was the storekeeper who was guilty of this character of carelessness. We do not intend to be understood as intimating an opinion as to whether or not the proof in this case authorizes the conclusion that the fire originated from the branding-irons and charcoal left in the warehouse by the store-keeper and gauger; but as this is the hypothesis insisted upon by appellees, and as there is evidence tending to establish it, it was proper that such evidence should be considered by the jury, and we are of opinion that as to this branch of the case the instructions given by the court are a correct exposition of the law.
But we are equally well satisfied that upon another branch they were. calculated to mislead the jury, and were therefore prejudicial to appellant. There is a distinction between the character of diligence required of him in preventing the communication of fire to his warehouse and in the removal of the goods stored therein after the commencement of the conflagration.
The fire was discovered about ten o’clock p. m., and the whisky of appellees was destroyed about four hours thereafter. That it could have been saved by a prompt removal from the warehouse is made manifest by the testimony. That it was the duty of appellant to remove it, if possible, when it became *6 apparent that it would, likely be consumed if not removed, is a proposition which will not be questioned, unless his right to act in the matter was limited or abridged by law. Section 19 of an act of Congress approved March 2, 1867, provides “that no spirits shall be removed in any cask or package containing more than ten gallons from any premises or building in which the same may have been distilled, rectified, or manufactured, nor from any place of storage, at any other times than after sun rising and before sun setting, on pain of forfeiture of such spirits, and every person who shall violate this provision shall be liable to a penalty of one hundred dollars for each cask, barrel, or package of spirits removed.” That appellant might have disregarded this provision of the law, and that it was his duty to do so when its observance would inevitably result in the destruction of the property intrusted to his care, we do not doubt; but it must be borne in mind that the necessity which will excuse or warrant the violation of the law must be of that character which ordinary energy and intrepidity can not resist and overcome; and so long as appellant had reason to believe that the fire could and would lie extinguished by the means at hand which were being used for that purpose without damage to the whisky, he would not have been excusable for the violation of the statute in question by the removal of the whisky. (The Argo,. Gallison’s Reports, 150.) So long as appellant did not have the legal right, to begin the removal of the whisky he can not be regarded as in default for failing to act. The instructions of the circuit judge ignore this distinction, and under them the jury may have believed that appellant was wholly blameless as to the origin of the fire, and yet returned the verdict against him for failing to remove the whisky at a time when a reasonably prudent man, unrestrained by law, would have acted.
The circuit judge did not err in refusing to permit the *7 pamphlet on file to go to the jury as evidence. It was offered as a whole, and as the greater portion of it relates to matters wholly foreign to the issues involved in this litigation, it would have confused and misled rather than enlightened the jury. Besides this, while it is proper for the court to consider such of the rules and regulations of the Treasury Department as are pertinent to this case, and give instructions thereon, they are wholly inadmissible as evidence. Nor do we find any error in the action of the court in admitting or excluding testimony.
For reasons perfectly manifest it is not necessary that the other questions raised in the argument of this appeal should be considered.
For the error of law heretofore indicated the judgment of the circuit court is reversed, and the cause remanded for a new trial upon principles consistent with this opinion.