## Winkler v. Peters, et al.

(Decided February 7, 1911.)

## Appeal from Bourbon Circuit Court.

Land—Sale of by Court—New Trial—Grounds Therefor—Time in which to be Made.—Section 344, Civil Code, provides that "if grounds for a new trial are discovered after the term at which the verdict or decision is rendered, the application may be made in a petition filed with the clerk not later than the second term after the discovery," and Section 340 provides that "accident or surprise, which ordinary prudence could not have guarded against, are grounds for a new trial." Held, where, in a sale of land made in 1904, a deed was made by mistake so as to include land not intended to be sold, and which had been held adversely by another for over thirty years, the court properly granted a new trial four years after the sale, and set the sale aside and directed another sale by proper calls and boundary of the land really sold.

LEWIS APPERSON and CLIFTON ARNSPARGER for appellant.

T. E. MOORE, JR., and CLAUDE M. THOMAS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

In the year 1870, William E. Poole and his son-in-law O. H. Peters, bought a lot containing about two acres of land located in North Middletown, Bourbon county. The deed was made to Poole but they divided the lot between them, Poole taking the end of the lot on which stood a house, and Peters the other end on which he built a house and lived with his family. After they had paid for the property about the year 1885, Poole executed to him a deed for his part of the lot. He failed to have his deed recorded. Poole died in 1888; he left a will by which he devised his real estate to his wife for life and at her death to his three daughters, Laura Webster, Emma Drake and

Mary Peters, the wife of O. H. Peters. The wife died in the year 1903, and on February 12, 1904, Mrs. Webster and Mrs. Drake filed a petition to which Mary Peters and her husband, O. H. Peters, were made defendants, alleging that the land devised by Poole was indivisible, and asking for its sale and a division of the proceeds among his three daughters. When the suit was brought O. H. Peters went to the attorney, who had brought the suit, and asked him why he had made him a defendant to the action. The attorney told him that it was only for a form and that he need not put in an answer, so Peters paid no attention to the suit, and a judgment was entered for a sale of the property as prayed in the petition. When the sale was made the land was appraised. The appraisers appraised only that part of the lot which Poole held. W. S. Winkler purchased at the sale supposing that he was purchasing only the Poole end of the lot. The sale was reported to the court and confirmed; a deed was made to Winkler, and he took possession of the Poole property. About four years afterward he found out that the attorney who had drawn the petition had in describing the lot taken its description from the original deed made to Poole in 1870, so that the boundaries of his deed included not only the lot which he had in fact bought but the Peters lot on which Peters was living, and which he had not bought. He thereupon on notice had the action restored to the docket, and entered a motion for a writ of possession. Peters then filed a petition under section 518 of the Code to set aside the judgment alleging the facts above stated, and obtained an injunction. On final hearing the circuit court granted Peters the relief prayed, and perpetuated the injunction. Winkler appeals.

The circuit court found as a fact, and we agree with him in the finding, that Winkler at the time he purchased the property knew that Peters was the owner of the lot which he held, and did not believe or understand that the Peters property was included in his purchase; that Peters did not know that his property was proposed to be sold or included in the petition upon which the sale was ordered; that Peters had been misled by the attorney, and that a mistake had been made in giving the boundary of the lot. Not only so, but the judgment under which Winkler purchased in describing the property which he purchased calls for Peters' line. Section 518 of the Code, provides:

"The court in which a judgment has been ordered shall have power after the expiration of the term to vacate or modify it; (1) by granting a new trial for the cause and in the manner prescribed in section 344; * * * (7) unavoidable casualty or misfortune preventing a party from appearing or defending."

Section 344 provides that if grounds for a new trial are discovered after the term at which the verdict or decision is rendered, the application may be made in a petition filed with the clerk, not later than the second term after the discovery. And by section 340 of the Code, among the grounds for a new trial are these:

"Accident or surprise which ordinary prudence could not have guarded against."

When in 1904, the suit was filed for the sale of the Poole land, nobody understood that Peters' land was to be sold. He had held the land for over thirty years. The purpose of the proceeding was only to sell Poole's part of the lot; and when Peters went to see the attorney who had brought the suit and the attorney told him he need put in no defense, it can not be said that he was negligent. Where a party has thus been misled, the court has frequently granted a new trial after the term. (Hayden v. Moore, 4 Bush, 107; McCall v. Hitchcock, 9 Bush, 6; Vittitow v. Ames, 21 R., 225; Snelling v. Lewis, 25 R., 1856; Gill v. Fugate, 117 Ky., 257.) A palpable mistake has been made here. To allow the judgment to stand is to give Winkler property he did not buy worth as much as that he did buy. The mistake was due to Peters being misled by the attorney who did not know that the boundary which he put in the petition included Peters' home as well as Poole's property. He took the boundary from the old deed, and that simply called for the abutting owners who were all dead or had moved away, so that he was in fact ignorant of what land was included in the calls that he gave; but they had made to another a deed for a part of the land, and in describing this exception which lay between Peters' land and Poole's, he followed the deed and called for Peters' line. So that anybody who read the description as a whole, and knew the property, would see that a mistake had been made.

Judgment affirmed.