## Kingsley v. Daniels.

(Decided January 29, 1914.)

### Appeal from Daviess Circuit Court.

Judgment—Grounds for Vacating—New Trial—Sec 518, Civil Code.— Where a defendant is prevented from making defense to an action by the promise of attorney for the plaintiff to advise him should an offer of compromise be rejected, and that pending said offer, defendant need make no defense to the action; and the attorney for plaintiff, without notice to defendant, takes a default judgment a new trial will be granted.

LOUIS I. IGLEHART and A. FRANK TABB for appellant.

LITTLE & SLACK for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On April 24, 1912, appellant, John H. Kingsley instituted in the Daviess Circuit Court, an action against J. P. Daniels, to recover the sum of $1,121.71, for commissions claimed to be due him on sale of lumber and other property, made by him for said Daniels, and damages for breach of an alleged contract of employment. Dan-

iels was a resident of McLean County; but service of process was had upon him in Daviess County on the day said action was filed. Judgment by default went against the defendant; the plaintiff dismissing without prejudice his claim for damages.

On January 6, 1913, the defendant, Daniels, filed a petition in said court for a new trial of said action, under the provisions of section 518 of the Civil Code. Appellant, the defendant in the latter action filed a demurrer to the petition and the court overruled same. Appellant thereupon declined to plead further, and the court rendered judgment vacating the default judgment and granting a new trial of the original action. From a judgment granting a new trial, this appeal is prosecuted.

As ground for the vacation of the default judgment and granting of a new trial, it is alleged in the petition that within ten days after the process was served upon him, Daniels the defendant in said original action, called upon the attorney for the plaintiff, and proposed a compromise of said action, which proposition said attorney agreed to consider; and also agreed to advise the defendant whether or not such compromise could be effected. It is also alleged that said attorney for the plaintiff in that action agreed with said defendant therein that he need not file any answer or make any defense to said action until said attorney should advise him of a failure of said proposition of compromise; that thereafter, on several occasions, the defendant in said action saw the attorney for the plaintiff, during which time they continued to consider said proposition of compromise up to some time during the September term, 1912, of the Daviess Circuit Court; that said attorney never notified the defendant in said action that the offer of compromise had been rejected, or would be rejected, or that he should proceed to make defense to the action. It is further alleged that at said September term, on October 1, 1912; without any notice to the defendant, the attorney for the plaintiff therein dismissed the claim for damages, and caused to be entered a default judgment in the sum of $600 in favor of plaintiff therein against defendant; and that knowledge of this default judgment did not come to the defendant in said action until December 28, 1912, at which time he was notified by the sheriff of McLean County that said sheriff

had an execution in his hands issued upon said judgment. He further alleged that when the process was first served upon him, in said action, he arranged with an attorney to defend said action should the offer and effort of compromise fail; and that said action would have been defended, had the attorney for the plaintiff notified him, as he had promised to do, that the offer of compromise was rejected. The petition also traversed the allegations of the petition in the original action; and with it was tendered and offered to be filed, an answer to said original petition.

Upon the demurrer, the allegations of this petition must be taken as true. It is appellant's contention that even taking the allegations thereof as true, the petition shows negligence on the part of appellee; that appellee had four months in which to file an answer, and failed to do so. But the facts set out in the petition do not conform to appellant's contention. The ground relied on for a new trial is that appellee was misled by counsel for appellant; and such action has been held to entitle the applicant to a new trial. McCall v. Hitchcock, 9 Bush, 71; Hayden v. Moore, 4 Bush, 109; White v. Richards, 20 R., 1370; Winkler v. Peters, 142 Ky., 85.

Judgment affirmed.