## Sebree, et al. v. Henderson, et al.

(Decided November 14, 1924.)

## Appeal from Scott Circuit Court.

1. Appeal and Error—Appellant Desiring Only Partial Record Must File Schedule.—Where appellant desires only partial record he must file in office of clerk of circuit court schedule described in Civil Code of Practice, section 737, and cause notice of filing to be served on appellees, and this notice when executed as summons must be returned to the clerk and notice and schedule must be copied in record.

2. Appeal and Error—Appellant May Bring up Only Part of Record, but Judgment will be Affirmed if it Appears that Portions of Pleadings or Evidence Bearing on Question have been Omitted.— Appellant may bring up so much of record as he deems necessary to determination of question involved, but if it appears that portions of pleadings or evidence bearing upon question have been omitted judgment will be affirmed.

3. Appeal and Error—Testimony Omitted from Record Presumed to have Supported Judgment.—On appeal upon partial record, if it appears part of testimony used below is not copied into transcript, it will be presumed, in support of judgment, that it would sustain averments of appellees' pleadings.

J. C. SEBREE and JAS. BRADLEY for appellants.

LLEWELLYN F. SINCLAIR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Sebree obtained a judgment against appellee Henderson in the Scott circuit court for $160.00. As the debt was secured by mortgage on land the lien was enforced and the property ordered to be sold by the master commissioner. When the commissioner was about to carry out the sale this suit was instituted in the Scott circuit court by appellees against appellant alleging the facts as above set out, and further that no summons had been served upon appellants in the case of Sebree against them in which the judgment enforcing the mortgage lien was obtained, and further that the mortgage had been fully paid off and satisfied, and the mortgage released upon the margin of the mortgage book in the office of the clerk of the Scott county court, which release had been attested by the clerk of the county court. It was further alleged that by fraud or mistake appellant Sebree had obtained the judgment and that appellees

were entitled to have it set aside. The petition being verified, the restraining order issued against the master commissioner and appellant Sebree staying them from carrying out the sale of the real property of appellees. A judgment was entered holding that appellees had paid appellant the full mortgage debt and that the mortgage lien had been released, and enjoining appellant Sebree and the master commissioner from carrying out the sale. It is from this judgment that this appeal is prosecuted.

This appeal is attempted to be prosecuted upon a partial record. While the judgment refers to an amended reply and the filing of depositions by the plaintiff, no pleading save the petition is copied in the record, and no part of the evidence is in the transcript. So far as the record shows no schedule was filed with the clerk of the Scott circuit court, directing him to copy any part of the record. Where an appellant desires only a partial record he must file in the office of the clerk of the circuit court a schedule such as is described in section 737 of the Civil Code and cause notice of the filing thereof to be served on appellees, and this notice, when executed as a summons, must be returned to the office of the clerk and this notice and schedule must be copied in the record on appeal here so that this court may know whether the appeal has been regularly prosecuted. We have held that an appellant may bring up so much of the record as he deems necessary to the determination of the question involved, but if it appears that portions of the pleadings or evidence bearing upon the question have been omitted, the judgment will be affirmed. Terrell v. Roland, 86 Ky. 67; Davis v. Day, 100 Ky. 24. And further that an appellant who prosecutes an appeal upon a partial transcript does so at his own peril, and if it appears that part of the testimony used on the trial in the court below is not copied into the transcript it will be presumed, in support of the judgment, that it would sustain the averments of the appellee's pleadings. Jones v. Jackson, 13 R. 253; Sanson v. Connelley, 141 Ky. 120; McKee v. Stein's Gdn., 91 Ky. 240.

The record on this appeal is so incomplete as to give little idea of the entirety as made up in the trial court. We must, therefore, presume that the judgment rendered by that court is fully sustained by the pleadings, proof and exhibits which constituted the record at the time the judgment was rendered below.

We find no error warranting a reversal of the judgment and appellant has called our attention to none in his brief.

Judgment affirmed.