# Dark Tobacco Growers' Co-Operative Association v. Bevins.

(Decided October 15, 1926.)

## Appeal from Muhlenberg Circuit Court.

New Trial—Taking Judgment Against Pooler, After Leading Him to Believe there Would be Settlement of Claim for Breach of Pooling Agreement Without Litigation, Held Fraud Entitling Him to New Trial (Civil Code of Practice, Section 518, Subdivision 4).— Conduct of attorney for tobacco growers' association, who, while proposition of compromise and settlement was pending between him and pooler, and before judgment in action against latter for breach of pooling agreement, led pooler to believe that there would be settlement without litigation, but took judgment before parties had met to compromise, held to constitute fraud, under

Civil Code of Practice, section 518, subd. 4, entitling pooler to new trial, regardless of whether he alleged in terms that attorney's conduct was fraudulent.

C. A. DENNY for appellant.

T. J. SPARKS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

This is an action for a new trial under the provisions of section 518 of the Civil Code.

In 1922 appellee, a farmer and tobacco raiser, signed a pooling contract wherein he agreed to deliver to appellant for five years all the tobacco raised by him or on his land, including 1922 and 1923.

On the 9th of August, 1924, appellant instituted its action against appellee, alleging he had in the years 1922 and 1923, in violation of his contract, sold outside of the co-operative association 10,000 pounds of tobacco grown by him in those two years, and prayed for a judgment against him under the terms of the pooling contract for $500.00 in damages, and for the recovery of an attorney's fee. Summons was served on the 16th day of August, 1924, and on the first day of September thereafter, being the first day of the September term of court, no answer having been filed, judgment was taken for the $500.00 in damages and $100.00 attorney's fee.

Thereafter in November, 1924, appellee filed this equitable action for a new trial, alleging in substance that he had filed no anwer in the action wherein judgment had been entered, because shortly after the action was filed and before judgment was taken he had a conference with the plaintiff's attorney in that action wherein he told the attorney that during the two years involved he had delivered 400 pounds of tobacco grown by him to persons other than the co-operative association, and no more, but that he had not delivered 10,000 pounds of tobacco or any number of pounds in excess of 400 pounds in violation of his said contract; that the attorney at the time of such conference informed him that a representative of the co-operative association would shortly be at Greenville, and he would notify defendant when he came, and that he (the attorney) thought there would be no trouble in getting the matter settled. It is further alleged

that he received information of the time the agent was to be in Greenville and went there expecting to see him and settle the lawsuit, but was informed by the attorney that the agent had been there but had gone again, but was expected again to return, at which time the attorney would notify the plaintiff in order that he might come to Greenville and settle the lawsuit with the agent; that the attorney told him he thought there would be no trouble about adjusting the matter as the association only wanted pay for the number of pounds of tobacco actually sold and delivered in violation of the contract. The plaintiff talked to the attorney several times in regard to the suit, and was led to believe and did believe from the statements of the attorney that the suit could and would be settled upon the basis that the pooler would pay the damages under the terms of the contract for the 400 pounds of tobacco so sold in violation of it, and that relying on the attorney's representations he did not employ an attorney and did not file an answer. He then sets up in detail the facts showing a good and valid defense to the former action, except to the extent of 400 pounds of tobacco delivered outside of the pool.

To this petition a demurrer was filed and overruled, and thereafter an answer was filed admitting the conference between the plaintiff and the attorney before the entry of judgment, but denying some of the material allegations in the petition. In a second paragraph, however, it is alleged by defendant that shortly after the filing of the original action the plaintiff in this action called upon the attorney and expressed a desire to settle and pay the damages actually due without the expense of employing counsel and incurring costs, to which the attorney then assented, and told the plaintiff it only required him to pay the amount of damages stipulated in the contract, that is $5.00 on each 100 pounds of tobacco delivered by him to parties other than the association, and that at the time this plaintiff confessed to the delivery of 400 pounds outside of the pool and offered to pay the penalty for that quantity, but the attorney refused to settle upon that basis, and advised the pooler to make a straightforward disclosure about the matter, bring his warehouse receipts and some reliable neighbors who knew how much tobacco he had raised, and that they could then get together and settle, which latter proposition the pooler accepted, but had never complied with.

The answer also alleges that a similar proposition was made to the pooler after the entry of the judgment on the first of September, 1924, which the pooler then refused to accept.

The affirmative matter in the answer was put in issue by a reply, and after the taking of evidence the court entered a judgment setting aside the former judgment and granting a new trial, but did not enter a judgment finally determining the quantity of tobacco sold outside of the pool.

It is first argued that the petition was insufficient, and that the demurrer to it should have been sustained.

Obviously the petition was drawn under subsection 4 of section 518, which authorizes the granting of a new trial after the expiration of the term "for fraud practiced by the successful party in obtaining the judgment."

The effect of the allegation in the petition is that at the conference held between the pooler and the counsel for the association, after it was explained to the counsel that the pooler had only delivered 400 pounds of tobacco in violation of his pooling contract, the attorney said to him that he thought there would be no difficulty in settling the matter and that the association "only wanted to pay for the number of pounds of tobacco actually sold and delivered in violation of its contract," whereby the pooler was lulled into security and led to believe from such statements of the counsel that the matter could be amicably adjusted between the parties; and that in reliance upon these statements of counsel the pooler did not employ an attorney or file an answer. While there is no direct charge of fraud in the pleading its averments are sufficient to show that the pooler relied upon these assurances of the attorney, and that although the attorney may not have intended to fraudulently deceive him or take any advantage of him, the assurances as understood and acted upon by the pooler resulted in the perpetration of fraud upon him. If an attorney, while a proposition of compromise or settlement is pending between him and the adverse party, and before judgment, leads such adverse party to believe that the matter can and will be settled without litigation, but before the parties have met and failed to compromise their differences, takes a judgment against such adverse party, his con-

duct has operated as a fraud against that party although it may not have been so intended; and the latter upon a proper showing may thereafter be granted a new trial.

In the case of Hayden v. Moore, 4 Bush 107, which was an action for a new trial, it was held that if a party or his attorney, either directly or indirectly, puts his adversary who is not liable for the debt sued on, off his guard, or prevents him from defending the action, the latter will be upon the proper showing entitled to a new trial.    And that case was thereafter referred to and approved in the case of Winkler v. Peters, 142 Ky. 83.

Under the allegations of the pleading the pooler had a perfectly good defense to a large part of the association's claim against him, and the only difference between him and the association's attorney was the exact quantity of tobacco sold by the pooler during the two years named in violation of his contract; and when, therefore, such representations were made by the attorney to the pooler as led him to believe that the only thing necessary to bring about a settlement was a showing of exactly how much tobacco he had sold outside of the pool, it operated as a fraud upon his rights for the attorney under those conditions to take a judgment against him for the whole amount claimed, when he had reason to believe that the claim was grossly excessive.

It was not necessary for the pooler to allege in terms that the conduct of the attorney was fraudulent; it was only necessary for him to allege the facts showing that such conduct operated as a fraud upon his rights and prevented him from filing an answer presenting his defense.

It results, therefore, that the demurrer to the petition was properly overruled.

The evidence as to what occurred in the two or three interviews between the pooler and the attorney is in some material respects conflicting.    The pooler's testimony in substance is that in 1922 he sold no tobacco outside of the pool, and that in 1923 he only raised about an acre, or an acre and a half, that he had a very poor stand that year, and for that and other reasons only raised about 400 pounds which he admits he sold outside of the pool.    His evidence as to the tobacco raised in 1923 is corroborated by some of his neighbors.    His statement is in substance that the attorney said to him

there was no need to go into court with it, and that they had better adjust it, and that all the association wanted was the damages for what he had actually sold outside of the pool.

On the other hand it is admitted by the attorney in his evidence that Bevins came to him some time before the judgment was taken and told him that he had only sold 400 pounds of tobacco in violation of his contract, whereupon the attorney told him the association would not consider a proposition to settle for that much only, but that if he would make a proper showing that he would settle with him, which evidence goes to substantiate the pooler's theory that when the judgment for the whole amount was taken against him propositions for a compromise were pending, and he was led to believe that no such judgment would be taken.

Giving, therefore, due weight to the finding of the chancellor, and taking into the estimate that the true quantity of tobacco so sold outside of the pool by appellee remains yet to be determined, we are impelled to the conclusion that the chancellor's judgment was correct.

Judgment affirmed.