## Workingmen's Perpetual Building & Loan Ass'n et al. v. Stephens et al.

Nov. 14, 1944.

178

Rouse, Price & Adams, Edward W. Pflueger, and Omer H. Stubbs for appellants.

J. Richard Udry, Northcutt & Northcutt, and William F. Simpson for appellees.

OPINION OF THE COURT BY JUDGE HARRIS—Reversing.

On October 24, 1939, The Workingmen's Perpetual Building & Loan Association filed its petition in equity, No. 41905, in the Kenton Circuit Court against Mr. and Mrs. Harry W. Stephens, Mr. and Mrs. O. M. Rogers, the City of Covington, the County of Kenton, and the State of Kentucky to enforce payment, with interest, of the unpaid balance of $809.45 of a $1500 note which had been executed to it by Mr. and Mrs. Stephens on July 11, 1929. The governmental agencies mentioned were made defendants because of tax liens which they held against the mortgaged real estate, and Mr. and Mrs. Rogers were made defendants because they had become the owners of the mortgaged property under a deed which recited that they were assuming and agreeing to pay the mortgage debt. In view of the nature of the contentions which are now being made by Mr. and Mrs. Stephens, it is probably well that we quote the prayer of the Association's petition, which is:

"Wherefore, the plaintiff, Workingmen's Perpetual Building & Loan Association, prays that it be adjudged a lien upon the property described in the petition, superior to any other than the claim for taxes set out herein, for a judgment in its favor for the sum of $809.45 with interest at 6% per annum until paid, for a sale of said parcel of real estate and if the proceeds from the sale of said property be insufficient to pay the claim of the plaintiff, that it be awarded a deficiency judgment over and against the defendants, Harry W. Stephens, Ora M. Stephens, and O. M. Rogers, for its costs herein expended and for all relief to which it may be entitled in equity."

Summons was duly served on all defendants on or before November 8, 1939. Mr. & Mrs. Rogers filed an answer, the substance of which was that they merely agreed to accept a conveyance of the real estate in question subject to the Association's mortgage, and that they did not agree to assume or pay the mortgage debt. This contention resulted in a controversy between them and Mr. & Mrs. Stephens; and this controversy, which we do not need to notice with any particularity so far as this opinion is concerned, has been pending in the lower

court ever since. On March 4, 1940, the Association, Mr. & Mrs. Stephens, and Mr. & Mrs. Rogers caused to be entered the following order:

"It is now ordered and adjudged that the premises hereinafter described be sold by the Master Commissioner; and the court reserved its judgment as to the disposition of the proceeds of said sale and as to the determination of the rights and equities of the parties herein * * *."

At the Commissioner's sale, which was held under the above order, the mortgaged property, which had been appraised at $900, was purchased by Mr. Stephens at the price of $200. Subsequently proper orders were entered confirming the sale, awarding to Mr. Stephens a deed and a writ of possession. The order also directed the commissioner to pay himself $37 and to apply the balance of the sales price in payment of state, county, and city taxes. On May 26, 1941, an order was entered sustaining the Association's motion for a deficiency judgment against Mr. & Mrs. Stephens, but on June 16, 1941, on motion of the latter, that order was set aside. On December 10, 1941, the Association again moved for a deficiency judgment against Mr. & Mrs. Stephens. With that motion pending, and on January 26, 1941, Mr. & Mrs. Stephens filed their answer, which they made a cross-petition against Mr. & Mrs. Rogers. In this pleading Mr. & Mrs. Stephens admitted the execution and delivery of the note and mortgage sued on, but did not deny a single allegation of the Association's petition. The whole burden of their pleading was an allegation that Mr. Rogers had assumed the mortgage debt and had thereby become personally liable to the Association; it did not charge, however, that the Association had agreed to relieve them to any extent. On April 27, 1942, the court sustained the Association's motion last above mentioned and awarded it a deficiency judgment against Mr. & Mrs. Stephens in the sum of $809.45, with interest from June 14, 1939, which the pleadings and orders showed to be the correct amount. Execution was issued on this judgment on July 27, 1942, and levied, on August 20, 1942, on certain real and personal property of Mr. & Mrs. Stephens, followed by the recordation of a proper lis pendens notice.

All of the foregoing proceedings occurred in equity action No. 41905.

On August 25, 1942, Mr. & Mrs. Stephens filed their present equity action No. 44734 against the Association and George W. Jennings, Sheriff of Kenton County. They alleged in this action that the deficiency judgment mentioned above was fraudulently obtained by the Association. In this connection they state in substance: (1) That no proof had been introduced or was before the court to warrant its judgment as to amount, and that therefore the judgment was erroneous, (2) that nowhere in the prayer of its petition or other pleading did it seek to recover the amount awarded by the judgment, (3) that the judgment was premature and voidable, in that the action was before the Master Commissioner at the time for the purpose of hearing proof on all matters in dispute, and (4) that they were asserting a valid defense in that action. They closed their pleading with a prayer that the Association and the Sheriff be enjoined and restrained from taking further steps until the judgment and the execution; that the judgment be set aside and the execution cancelled. By reference they made the entire record in action 41905 a part of their petition. The Association and the Sheriff filed demurrer—which was overruled, with proper exception saved—and their answer. This was followed by the plaintiffs' reply and affidavit, in which it was stated that no injunction had been granted or refused, etc. At the same time, on motion of the plaintiffs, the court entered a judgment sustaining the prayer of the plaintiffs' petition by restraining the Association from taking any further steps under the judgment in action No. 41905, and declaring that judgment to be null and void. In connection with and as a part of the judgment in action No. 44734, the Chancellor delivered a written opinion which purports to set forth the circumstances and the proof on which the judgment is predicated, to-wit: that when the judgment in action No. 41905 was submitted for approval and entry the Association's attorney represented that the proceedings were concluded and that the proposed judgment was proper; that the attorney then waited until the expiration of sixty days before having an execution raised; that when it was later called to the attention of the Court that the taking of proof before the Master Commissioner on the matters at issue had not been completed, the court thereupon informed the attorney that the judgment was void and would be set aside as having been obtained by fraud; that in disregard of the court's

orally expressed view that the judgment was void and that no further steps should be taken under the execution, the Association, on November 16, 1943, caused a venditioni exponas to issue.

The Association's and the Sheriff's motion and grounds for a new trial having been overruled, they have appealed to this Court.

In support of the Chancellor's action the appellees cite and rely upon a number of authorities, in which the cited cases of Sebree v. Henderson, 205 Ky. 524, 266 S. W. 53, Johnson v. Gernert Bros. Lumber Company, 255 Ky. 734, 75 S. W. 2d 357, 358, are representative. A reading of those cases at once discloses that they are not available to the appellees. In the Sebree v. Henderson case, Sebree obtained against Henderson a judgment and order of sale and was in the act of enforcing the same. Thereupon, Henderson instituted a suit against Sebree in which he alleged that no summons had been served upon him in the former suit; that the mortgage had been paid and released of record; that Sebree had obtained his judgment by fraud or mistake. A judgment was entered sustaining Henderson's contention and granting him injunctive relief. In reviewing the case on appeal this Court called attention to the fact that no pleading was copied into the record except the petition and that no part of the evidence was contained in the transcript. In short, so far as the record disclosed, Sebree had filed no answer or defense. Under those circumstances, this Court held, in conformity with a long line of decisions, that it would be presumed that the judgment was fully sustained by the pleadings, proof and exhibits which existed at the time the judgment was rendered. That presented an entirely different situation from what we have here. In the present case all of the pleadings, orders and judgment in action No. 44734, including all of the pleadings, orders and judgments in action No. 41905 were copied into the record on this appeal and are now before the Court. Not only that, the judgment of the lower court in action No. 44734 purports to set forth the evidence and the facts on which was entered the judgment which had been appealed from. Clearly the Sebree case has no application here. In the Johnson case, the Gernert Bros. Lumber Company sued Mr. & Mrs. Petty and Mr. & Mrs. Johnson on a note. Mrs. Johnson promptly employed an attorney and filed an answer pleading coverture and suretyship. The case was set for

trial on October 31, 1932. On that date Mrs. Johnson was present with her witnesses and ready for trial. On the representation of the Lumber Company's attorney that he believed he could make the money out of the property of the Pettys, against whom judgment had already been obtained in the action, but that if he failed in this he would not take any further steps against Mrs. Johnson without giving due notice, a continuance of the case was had. Later, and without notice, the case was called and judgment taken against Mrs. Johnson, in the absence of both herself and her lawyer. Under these facts, the court held that Mrs. Johnson was entitled to injunctive relief and to have the judgment set aside. In the course of its opinion, the Court said:

"* * * So the law is declared to be that if before a judgment was rendered a party plaintiff or his attorney said or did anything that put his adversary off guard, or prevented him from defending the action, and he shows that he had a prima facie valid defense, he is entitled to relief from the judgment. This is on the idea that such conduct operated as a fraud upon his rights. There has been a firm adhesion to this precept. Sibly v. Armstrong, 1 Ky. Op. 619; Hayden v. Moore, 67 Ky. [107], 4 Bush 107; McCall v. Hitchcock, 72 Ky. [66], 9 Bush 66; Martin v. Spurlock, 68 S. W. 396, 24 Ky. Law Rep. 212; Winkler v. Peters, 142 Ky. 83, 133 S. W. 1144; Kingsley v. Daniels, 157 Ky. 194, 162 S. W. 813; Dark Tobacco Growers' Cooperative Association v. Bevins, 216 Ky. 121, 287 S. W. 355. * * * But it is the duty of both litigant and attorney to exercise reasonable and due foresight, prudence, and diligence to prepare and to keep up with the case and to avoid surprises and misfortunes. If that is not done, that is to say, if either is negligent, and an adverse judgment results, no relief can be granted. Negligence and surprise do not go together here. If the cause which prevented the appearance of a party or his counsel was such that ordinary care could not have guarded against it, then a new trial should be granted—the showing of a prima facie valid defense being made. McCall v. Hitchcock, supra; Payton v. McQuown, Adm'r, 97 Ky. 757, 31 S. W. 874, 17 Ky. Law Rep. 518, 31 L. R. A. 33, 53 Am. St. Rep. 437; Kirk v. Gover [& Baugham], 96 S. W. 824, 29 Ky. Law Rep. 1046; Louisville & N. R. Co. v. Paynter's Adm'r, 125 Ky. 520, 101 S. W. 935, 31 Ky. Law Rep. 163; Noe v. Davis, 171 Ky. 482, 188 S. W. 457; Kohlman v. Moore,

175 Ky. 710, 194 S. W. 933; Elkhorn Coal Corporation v. Guzzort, 215 Ky. 254, 284 S. W. 1005; Commonwealth v. Fidelity & Columbia Trust Co., 185 Ky. 300, 215 S. W. 42; McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747; McCommas v. McCawley, 228 Ky. 263, 14 S. W. 2d 1057; Cleveland v. Couch, supra [231 Ky. 332, 21 S. W. 2d 468]; Mussman v. Pepples, 243 Ky. 674, 49 S. W. 2d 592.''

It will be observed from the foregoing authorities, which are cited by the appellees, that the litigant must not only exercise reasonable and due foresight, prudence and diligence to prepare and keep up with the case and to avoid surprise and misfortune, it is also equally important—indispensably requisite, in fact—that he show a prima facie valid defense. In the present instance the appellees not only did not offer a prima facie valid defense, or even the suggestion of a defense, in their answer in action No. 41905, they did not even pretend to plead in action 44734 any fact, condition or circumstance from which a defense could even be presumed. Clearly, their petition in action 44734 did not entitle them to any relief, and the Chancellor should have sustained the demurrer thereto.

The other three contentions which they make in their petition, namely, (1) that no proof was before the Court to warrant the judgment as to amount; (2) that the Association's pleadings did not seek to recover the particular amount which the judgment awarded; (3) that the judgment was premature, are equally unsound. The Association's petition clearly stated the amount for which it sought judgment; the report of sale and order of distribution, to which the appellees were parties, showed the amount of the sales price and the full distribution thereof in payment of costs and taxes, thus leaving nothing to be applied as a credit on the debt sued on. And since the appellees' answer did not deny the Association's claim or the amount thereof, it results that there was no dispute between them and the Association was entitled to a judgment on the face of the record, and had been over a period of many, many months.

On the basis of the whole record, the Chancellor was in error.

The judgment appealed from is reversed, with instructions to the Chancellor to set aside the judgment

appealed from and to reinstate the judgment which was entered in equity action No. 41905.