790

Farris NOEL and wife, Verdie Noel,
Appellants,

v.

CITY OF MADISONVILLE MUNICIPAL
HOUSING COMMISSION et al.,
Appellees.

Court of Appeals of Kentucky.

March 18, 1955.

Rehearing Denied June 24, 1955.

James A. Crumlin, Louisville, for appellants.

Carroll Morrow, James Gordon, Laurence Gordon, Madisonville, for appellees.

HOGG, Justice.

This is an appeal from a judgment of the Hopkins Circuit Court which dismissed the amended and substituted petition of appellants, insofar as it was sought to vacate the judgment of that court rendered on October 19, 1950.

On August 10, 1950, the City of Madisonville Municipal Housing Commission, existing pursuant to KRS, Chapter 80, brought its condemnation suit in the Hopkins Circuit Court against the appellants and several other contiguous property holders to condemn property owned by appellants and others to the end that it might expand its existing facilities. According to the pleadings of appellants, summons was duly served upon each of the appellants. No answer or defense was filed or made by either of them. A judgment was rendered condemning their property, and by a verdict of the jury they were awarded the sum of $1,550, without objection from appellants at the time. Their pleadings further show that they did not employ any lawyer to represent them, but that they appeared in court when the case was tried and remained in court until the case was over, although they alleged they did not know their case was being tried. Appellants further state in their pleadings that while they were in court during the trial of their case they did not hear the case called for trial, and did not hear their names called; that the order of the court reflects that every party to the action announced ready for trial but the case against them was bound up with the other cases, carried on the docket under the style of Madisonville Municipal Housing Commission v. Aion Smith, et al., and they did not know their names were included therein.

Appellants' pleadings further alleged that while they actually attended the trial of their case and sat in the courtroom throughout the trial, the plaintiffs' attorney failed to notify them that their case was being tried and the attorney knew they had evidence to introduce and did not call them. They further alleged that the Judge directed the jury to view the premises before the verdict was brought in, but when the jury went to view the premises of the property holders involved in the action the jury failed to view their premises, due to the fact the deputy sheriff, at the direction of the attorney for the Commission, instructed them not to view the Noel premises. Appellants further alleged that the amount of the verdict was inadequate; that they had been offered $3,000 for the property by the attorney for the Commission before the condemnation proceedings were instituted and for that reason there was fraud and misconduct on the part of the attorney for the Commission.

The primary question for decision is: Do the pleadings of appellants contain statements of fact sufficient to constitute a cause of action for the relief sought? There is no contention that the judgment sought to be vacated was not regularly entered. Hence, after the adjournment of the term of court at which it was rendered it became final and could not be vacated except on application therefor, pursuant to section 518, Civil Code of Practice. If relief can be granted to appellants, it must come under one or more of the causes for a new trial set forth in section 518, Civil Code of Practice, and of those causes set forth in that section of the Code which could in any wise be applicable here there are only

two: (1) fraud of the successful party in obtaining the judgment, and (2) casualty or misfortune preventing the party from appearing or defending. The appellants also sought to set aside the judgment rendered against them on December 18, 1950 for taxes in favor of several tax units, upon the ground that no process was had against the appellants in the intervening petition filed on behalf of the taxing unit. Since the tax judgment was set aside by the lower court, there is no contest here in that regard.

█ The appellants complain that their case should have been filed and tried separate and distinct from the cases of the other contiguous property owners. Such complaint is without merit because KRS 416.120 provides, in this character of case, that several owners of contiguous properties may be joined in one condemnation proceeding.

█ It is hard to see where there is any element of casualty or misfortune in this case which would authorize the granting of a new trial. Their own pleadings show that they had been legally summoned; they failed to answer; they appeared in court the day the case was called for trial and remained throughout the trial; the order reflects they announced ready for trial and a jury was selected and sworn to try the case; the jury was instructed concerning the damages to be assessed in their favor, and the jury returned a verdict in their favor. Appellants had been sued and literally failed to give the suit any attention. Long after the final judgment had been entered against them, for the first time they say they were wronged. Certainly, they had their day in court. If this judgment could be upset as they are asking here, and such a precedent set, then it would be impossible to ever know when litigation had ended.

It is apparent that with the exercise of the slightest degree of care and diligence upon the part of appellants they could have interposed any defense which they desired, and could have introduced any evidence which they had to offer bearing on the value of the property to be taken in the condemnation proceeding. We do not see how the appellants can be relieved from the consequences of their own gross neglect and lack of diligence when the appellee, Housing Commission, was without fault. Workingmen's Perpetual Building and Loan Ass'n v. Stephens, 299 Ky. 177, 184 S.W.2d 575; Mason v. Lacy, 274 Ky. 21, 117 S.W. 2d 1026.

During the course of this proceeding in the lower court, appellants, without notice, took some depositions of trial jurors who tried the condemnation case. There was a motion filed by appellee to strike the depositions but the motion was never passed upon. We have read and considered the testimony of these jurors and doubt seriously the competency of such testimony. Their testimony primarily was to the effect that they did not particularly take a view of appellants' property, and that the property of appellants was worth more money than the amount they had allowed them; to wit, $1,550.

█ It is a well-settled principle that the testimony of jurors is not competent to impeach the validity of the findings of the jury or their verdict. City of Covington v. Parsons, 258 Ky. 22, 79 S.W.2d 353. It is probably true that the jury did not view the property of appellants, but appellants made no request that the jury view their property and raised no objection until more than a year after the verdict had been handed in and the judgment rendered.

The fraudulent acts as alleged in their pleadings are: (1) they appeared in court on the right day but their names were not called; (2) their case was not called for trial; (3) the attorney for the Housing Commission saw them sitting in the courtroom but did not advise them that their case was being tried; (4) it was the duty of such attorney to advise appellants of their case, or to advise the court of their presence, and (5) that because of the conduct of the attorney for the Commission they were prevented from introducing evidence showing the market value of their property.

It will be conceded that to authorize a new trial on the ground of fraud there must be present fraud practiced by the successful party in obtaining the judgment. Section 518(4), Civil Code of Practice.

Appellants cite the cases of Hunter v. Hunt, 296 Ky. 769, 178 S.W.2d 609, and Strother v. Day, Ky., 248 S.W.2d 347, as being authority for their position that the original judgment should be set aside and a new trial granted upon the ground of fraud and misconduct upon the part of the attorney for the Housing Commission. A reading of those cases at once discloses that they do not apply in such a case as this, and are not available to appellants. There is nothing in this record to indicate that the Housing Commission or its attorney said or did anything that placed the appellants off guard, or prevented them from defending the action, or misled them in any way. There is no conduct in this case which conduced to show a fraud upon the rights of the appellants either by appellee or its attorney. Under the circumstances shown in this case, we cannot say that the attorney for the Housing Commission had any reason to suspect that the appellants, in the trial of the condemnation case, were ignorant of what was being tried and what was going on. If the case was not properly called for trial by the court or attaches, such failure should not be charged to appellee.

The allegations of fraud in this case do not fall within the types of fraud authorizing a new trial. The fraud that will justify the setting aside of a judgment consists of fraud on the court in obtaining jurisdiction, fraud which prevented a party from making a defense by being lulled into inaction, or by being misled or thrown off guard by a promise or some act of the adverse party or his counsel, fraud relating to the subject matter or to the defense which might have been offered, and concealment or misstatement of facts peculiarly within the knowledge of the successful party but not within the knowledge of the other. Metropolitan Life Ins. Co. of New York v. Myers, 270 Ky. 523, 109 S.W.2d 1194.

When this case is viewed in the light of the rule laid down in the Metropolitan Life Insurance Company case it is readily seen that the allegations of fraud made by the appellants were, and are, insufficient to authorize setting aside the judgment.

Judgment affirmed.