NEWLAND
*vs.*
GENTRY, &c.

---

Case 30.                    Newland *vs.* Gentry, &c.

PET. EQ.                    APPEAL FROM LINCOLN CIRCUIT.

1. The chancellor has power, upon a petition under the Civil Code, to vacate and set aside a decree obtained by fraud under the former mode of proceeding.

2. Infants are under the special protection of courts of equity, and they will vacate every judgment or decree by which injustice has been done to them.

3. There is no valid reason why infants, against whom decrees have been rendered, may not show cause against a decree during their minority, as after they arrive of full age.

Chief Justice WHEAT did not sit in this case.

[The facts of the case appear in the opinion of the court. REP.]

*Fox & Bell*, for appellants—

This suit was instituted by the appellees, as heirs at law of Sally Gentry, deceased, who was a daughter of Herbert King, deceased, for various objects, amongst others, to compel a surrender, from appellant's testator, of two small parcels of land allotted and partitioned to two of the Kings, in the division of the forty-seven acre tract of land by a judgment of the Lincoln circuit court, and to set aside that judgment of the said court, for division of the said land, and a sale of the slaves of the estate, for the reasons and causes set forth in the petition of appellees.

The counsel of appellant feel confident that if the judgment of the court sought to be vacated and set aside was wrong, that an original suit was not the mode to accomplish the object and attain the end desired. This court so decided at its last term, in the case of *Anderson vs. Anderson*, from Lincoln.

The appellees were parties to the first suit, as will be seen by an inspection of the record, made an exhibit in this case, properly before the court, properly represented; the judgment was fairly obtained, and all the rights and interests of appellees decreed, guarded, and their proper proportion adjudged to them.

Appellant's testator claimed the two small tracts of land by purchase from two of the Kings, to whom the same had been partitioned and allotted under the judgment in the case. The report was returned to court and ratified.

Newland had a right to purchase the small parcels of land so allotted to the two Kings under the judgment of the court.

This court, in the case of *Doneghy's heirs vs. Doneghy's heirs*, from Boyle, did not disturb a sale made by two of the heirs in that case, although they decided the allotment incorrect, but the purchasers after the allotment in possession, was protected in their purchase.

Newland ought, in equity, to be protected in his purchase of the two small parcels which were purchased by him, after the partition and allotment to the Kings. If the judgment in that case was erroneous, the only mode to set the judgment aside is by an appeal.

No other questions involved in this case are now up for decision and revision, except those decided by the court, effecting the right of Newland to the land purchased by him.

*A. A. Burton*, for appellee—

I. I contend that the decree which the bill of review in this case was brought to vacate was void for the following reasons:

1. Neither William King, the complainant in the bill upon which the decree reviewed, and who represented himself the guardian of Gentry's children, or Herbert King, Jr., and John King, who answered for them, and also claimed with William King to be their guardian, were in point of law and fact such guardians.

They were the executors of Herbert King, Sr., who had devised the land to the children of Gentry with others, and were also trustees of the children. It is true the testator attempted to constitute them such guardians, but this he had not the power to do. Gentry's children were the grand-children of the testator, and the power of one to constitute another guardian by deed or will is confined to his own children. (See 2d sec. act. 1797, 766.)

2. A guardian *ad litem* was appointed for "J. B. Gentry's heirs;" Gentry was living, and strictly speaking had no heirs. But even if the appointment be construed to mean his children to whom the land had been devised, and who were named defendants in the bill, still the appointment was a nullity, because they had not been and were at no time served with process.

3. The decree purports to be a consent decree. The infants were incapable of consenting for themselves, one not being before the court—no one could consent for them.

II.   1. If the decree however was only erroneous, and but voidable, the infants had a right under *subsection* 8, *sec.* 480, *chap.* 12, *Civil Code*, to maintain the bill of review in this case, and it does not come within the rule laid down in *Anderson vs. Anderson, MSS. opinion, June Term*, 1857.

The provision of the Code referred to reserves the right to the circuit court to correct its own judgments, "for errors shown by an infant in twelve ' months after arriving at full age, &c." If an infant has the right, after attaining full age, the same reason would allow it to him before.   !

2. The bill was in substance and effect "for the ' administration and settlement of the estate of a ' deceased person," and a proceeding of that sort was excepted from the operation of so much of the Code as was in force at the time the bill was brought. (See *Code, sec.* 664, *sub-section* 1.) (Code then in force.)

III.   The proceeding being appropriate, I contend that the judgment was correct as to Newland.

1. He was not an innocent purchaser without notice. He had paid John King nothing when the bill of review was brought, and did not fully pay Herbert King until after. He did not take a conveyance until after.

2. The partition of the forty-seven acres of land being void, he took no right to any specific part of it by his purchases from John and H. King.

3. John and H. King having received satisfaction of the land devised to them, after the date of the testator's will, they had no interest in the forty-seven acres of land, and Newland took nothing in common or otherwise with the other devisees.

4. His purchase from the trustees of Gentry's children, with a presumed or rather imputed knowl-

NEWLAND
vs.
GENTRY, &c.

edge of the trust, and in violation of it, was a fraud on the rights of the *ccstui que trusts.*

So far, then, as Newland is concerned, I contend that the judgment should be affirmed. None of the other parties having as yet complained, it is not necessary to notice the effect of the judgment as to them.

An affirmance is asked.

Jan. 13, 1858.

Judge SIMPSON delivered the opinion of the court.

The principal question in this case is, had the circuit court jurisdiction, on the grounds alleged by the plaintiffs in their petition, to reverse and vacate a decree previously rendered by the same court? As the decree which the plaintiffs sought to reverse had been rendered in a suit in chancery which was instituted before the adoption of the Code of Practice, it is not entirely certain that a bill brought to reverse that decree would be embraced by the Code of Practice, and if not, then no question could be made as to the sufficiency of the allegations of the petition to authorize the court to review and reverse its decree.

But conceding that the case is embraced by the provisions of the Code of Practice, we are still of the opinion the circuit court had power to reverse and vacate the decree, after the term had expired at which it was rendered.

1. The chancellor has power, upon a petition under the Civil Code, to vacate and set aside a decree obtained by fraud under the former mode of proceeding.

The facts alleged in the petition establish a clear cause of fraud on the part of the complainant in the previous suit, against the rights of the plaintiffs in this action, who are infants. The complainant in that suit, instead of presenting to the court a full and fair statement of the true condition of his testa⸃or's estate, remained silent upon the subject, and merely exhibited and relied upon the will, without alleging the existence of those facts that he must have known would not only have diminished his part of the estate which belonged to the testator at the time of his death, but would have greatly in-

creased that to which the plaintiffs were entitled; and that too, when he pretended to be acting as their guardian, and thus imposed upon himself the duty of superintending and guarding their interests. All the facts of the case conspire to prove that the decree was fraudulent, and on this ground alone, if upon no other, the court was authorized to vacate and annul it.

But the rights and interests of infants are under the special protection of courts of equity, whose duty it is to vacate every judgment and decree by which injustice has been done them. Here a decree was rendered which was manifestly unjust, not however according to the facts which appeared in the record, but according to the facts which actually existed. Had not the infants a right to present these facts to the court, in order that justice might be done them, and a decree annulled which wholly disregarded their rights, and which would never have been rendered if these facts had been before the court? We think there can be no doubt of the proper answer to this inquiry. This case furnishes a forcible illustration of the propriety of that principle of law by which infants are permitted, not only during their infancy, but for a limited period afterwards, to show cause against any decree or judgment which may have been rendered against them. This is one of the causes enumerated under the *579th section* of the Code of Practice, for which the court, in which a judgment or final order has been rendered, has power, after the expiration of the term, to vacate the judgment.

2. Infants are under the special protection of courts of equity, and they will vacate every judgment or decree by which injustice has been done to them.

Where a good cause exists for vacating a judgment there is no valid reason why it should not be presented by an infant, at any time during his minority, as well as within a year after he attains the age of twenty-one. It may be to the advantage of all parties concerned that the judgment, if erroneous and unjust, should be vacated without any delay; and it may be very important to the infant that it

3. There is no valid reason why infants against whom decrees have been rendered, may not show cause against a decree during their minority, as after they arrive of full age.

should be done as soon as possible, to guard against the loss of that testimony upon which the establishment of his rights essentially depends.

In this case the facts which appear in the record authorized the court to annul and vacate the decree, and all the proceedings under it. The property which was given by the testator to the devisees, after the execution of his will, was to the extent of its value a satisfaction of the devises to them. Those devisees, including the infants who are plaintiffs, who had not received any property from the testator after the execution of his will, were entitled to the greater part, if not the whole, of the estate that remained undisposed of by him at the time of his death. The decree therefore having divided it equally among all the devisees, was obviously unjust, and was properly set aside and vacated.

As the appellant's title depended upon that of his vendors, and as their title was divested by the reversal of the decree under which they derived it, and the annulment of all the proceedings had under it, it follows that his right and title to the land he purchased, have to share the same fate.

Wherefore the judgment, so far as the appellant is concerned, is affirmed.