## Owens v. Howard, et al.

(Decided June 18, 1912.)

## Appeal from Magoffin Circuit Court.

1. Practice—Pleading.—Under section 90 of the Civil Code, the plaintiff is not entitled to any relief except that specifically prayed for, when no defense is made, but when defense is made, he may recover under a general prayer for relief, what the evidence shows he is entitled to.

2. Action Upon Note—Defense of Payment—Finding of Chancellor.—In an action upon a note, the evidence showing that an amount in excess of it had been paid, the finding of the chancellor setting aside a former judgment and allowing judgment for the excess is upheld.

D. D. SUBLETT for appellant.

W. W. McGUIRE, R. H. COOPER and JOHN W. HOWARD for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In 1897, appellee became indebted to Jasper Owens in the sum of $249.00 for which he executed his note and secured it by a mortgage on a tract of land, in which his wife joined. It was stipulated in the note that Howard

was to pay 10 per cent interest. In 1900, no part of the note having been paid, Owens instituted an action to collect it and to enforce the mortgage lien, and in the fall of 1901, the land was sold under judgment of the court and appellant purchased it. There is some conflict in the evidence as to whether Jasper Owens bought at the sale with the understanding with appellee that he should have the right to redeem it. This is not material, however, as will be noticed from a further statement of the case. Owens conveyed the land to appellee on January 6, 1904, but the deed does not state the true consideration as explained by the testimony of the parties. The deed recites the consideration to have been $220.00 in hand paid, and then near the close says that the balance of the consideration, $65.80, was due and remained a lien on the land until paid, and for which sum appellee executed his note to appellant. The parties agree that the true consideration was $400.00, and appellant in his testimony figures up the payments made by appellee to have been sufficient to discharge the consideration, but includes in his calculation the $65.80 note. Appellee shows by his testimony that by mistake he more than paid the full consideration for the land at the time the deed was made. About the year 1906 an action was instituted for a judgment to enforce a lien on the land for the $65.80 note, and to that action Howard filed an answer alleging that by fraud or mistake on the part of appellant he was not given a credit for $90.00 that he paid to Owens in May, 1902; that at the time of the execution of the deed he paid appellant $220.00 in cash and gave him a check on the Salyersville Bank for $150.00, which appellant afterwards cashed, which amounts together with the $90.00 note and its interest would have more than paid the consideration for the land. He further alleged that this error was produced by the fraud of appellant for he knew at that time that appellee had paid him the $90.00 on the land for which appellee executed him his note and did not consider it in the settlement made at the time the deed was executed. This matter was litigated to 1910 and a judgment was rendered against appellee for the full amount of the note and its interest, but before the next succeeding term of the court, appellee filed this action under section 518 of the Civil Code, to set aside the judgment for the reasons stated. He filed with his petition a check for $80.00 payable to appellant which had

been given to him by appellee on May 18, 1903. It was contended by appellant that this check was considered in the settlement of January 6, 1904, when the deed was made. In appellant's second deposition, he contends that at the time he executed the $90.00 note to appellee, he did so in consideration of the $80.00 check and $10.00 in cash and with the understanding that the $90.00 was to be a payment on the land as was stated in the note, and was to bear interest at ten per cent, and that he gave appellee credit in the settlement with the $90.00 and its interest at six per cent.

In the trial of the first litigation and the early part of this suit, appellant appears to have conceded that appellee paid him in cash, at the time of the execution of the deed, $220.00 and made no issue with appellee upon that point, but when the $220.00 is added to the $150.00, the amount of the check, and the $90.00 and its interest the total is a greater sum than the agreed consideration for the land, even though you allow ten per cent interest on the $249.00, and then it was that appellant claimed that appellee had only paid him a sum in cash sufficient, when added to the $150.00, to make the $220.00, the amount which the deed recites was "in hand paid." This claim was denied by appellee. Appellant filed an exhibit with his last deposition which he claimed was a memorandum made by him at the time of the settlement, January 6, 1904. The memorandum is as follows:

"January 6th, 1904.
The land sold to K. H. Howard, for...........$400.00
Credit by $90.00 note and interest, one year and
    seven months given by Jasper Owens to K.
    H. Howard, May 31, 1902................ 104.25

                          $295.75
By K. H. Howard check on Salyersville
    Bank . . .....................$150.00
By cash . .........................  79.95

                          $229.95    229.95

By note ...............................$65.80."

This memorandum shows that the $150.00 check and the $79.95 which he claims appellee paid him in cash amount to $9.95 more than both parties claim the cash payment was at the time of the execution of the deed.

The memorandum also shows that the note which he gave appellee was executed May 31, 1902. Appellee claims that he paid appellant $90.00 in cash at the time the note was executed. As stated, in his last deposition, appellant claimed that the check for $80.00 and $10.00 in cash were given to make the $90.00. The check for the $80.00 is dated May 18, 1903. There is no claim that there is a mistake in the date of this check and it seems impossible for the $80.00 check to have been a part consideration for the note executed a year before it was issued, and the lower court on the trial so determined and made an order setting the former judgment for $65.80 aside and gave appellee judgment for $17.40, which it found to be the excess paid by appellee.

Appellant claims it was error for the court to render a judgment in favor of appellee for any amount, as the prayer of his petition did not ask for such relief. The prayer is as follows:

"Wherefore, the premises considered they ask and pray that a new trial be granted herein and that the judgment rendered herein be canceled, set aside and held for naught and that the said judgment in so far as it affects the land owned by the plaintiff Farish Arnett, be held fraudulent and void, and the sale of the land be set aside and held for naught, and the sale bond quashed and the plaintiff K. H. Howard, prays for his cost in the action of Jasper Owens against him and Branch Howard, and they all pray for their cost in this action expended and for all relief that they are entitled to."

Under section 90 of the Civil Code, the plaintiff is not entitled to any relief except that specifically prayed for, when no defense is made, but when a defense is made he may recover under a general prayer for relief, what the evidence shows he is entitled to. (Bank v. Coke, 20 Ky. L. R., 291, and Lillard v. Brannin, 91 Ky., 511.) In this case a defense was made, proof heard by the court as to the state of accounts between the parties, and the evidence shows that appellee had paid about $17.00 more than the agreed purchase price of the land.

Appellee's pleadings and testimony show that he was uneducated; that he kept no memorandum of the transaction between himself and appellant; that he relied solely upon appellant to do this as he was considered a good business man and merchant; that at the time of the settlement in 1904 and the first litigation he

did not remember having given this $80.00 check, and that appellant either intentionally and fraudulently concealed it or, like himself, had forgotten it; that at all events he did not get credit for it·in the settlement or the first judgment which this action was brought to set aside.

In our opinion, the evidence supports the finding of the chancellor, and the judgment is affirmed.