## Stearns Coal & Lumber Company v. Tuggle.

(Decided December 17, 1915.)

Appeal from Whitley Circuit Court.

1. New Trial—Newly Discovered Evidence.—Newly discovered evidence that is merely cumulative is not ground for a new trial.

2. Injunction—Dissolution—Damages Do Not Include Attorneys' Fees.—Upon dissolution of injunction to stay proceedings upon a judgment, the damages the court may assess under section 295 of the Civil Code, do not include attorney fees.

J. N. SHARP and J. P. HOBSON & SON for appellants.

R. L. POPE, R. S. ROSE, ROBERT HARDING and JOHN W. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellee, Ray Tuggle, on September 14, 1910, while driving one of appellant's coal cars had his ankle crushed in a collision. He brought suit against the company and on March 11, 1913, recovered a judgment for two thousand ($2,000) dollars damages. The company appealed, and the judgment was affirmed by this court on January 8, 1914. See Stearns Coal & Lumber Co. v. Tuggle, 156 Ky., 174.

On April 7, 1914, the company brought this action for a new trial, alleging, in substance, that after the affirmance of the judgment on January 8, 1914, it became apparent that the alleged permanency of appellee's injury was not real, but had been feigned by him during the trial, and from the time of the accident until the affirmance of the judgment, with such adroitness that appellant could not by the exercise of reasonable diligence have discovered the true condition of his injury; that after said affirmance, appellee made the statement that "he hit the Stearns Coal & Lumber Company for two thousand dollars, and that he was not hurt bad; just had his ankle sprained, and that there were no bones broken and none had worked out;" that appellee's testimony upon the original trial was false and in connection with his feigning a permanent injury when none existed was a fraud.

Appellant also alleged other grounds for a new trial which his counsel do not urge in brief, and which were unsupported by evidence, so that there is before us for consideration as the sole ground for a new trial, the alleged fraud upon the part of appellee as to the extent of his injuries.

Appellee demurred to the petition; his demurrer was overruled, to which ruling he excepted, and his counsel urgently insist that the record of the original trial was not sufficiently made a part of the petition; and

that the record of that trial is not now before us. We do not agree with counsel about this, but think that the petition is sufficient, and that the records of the former trial are properly before this court; however, it is not necessary to discuss this question, because, in our judgment, this case should be affirmed upon its merits.

Appellant introduced on the trial of this case several witnesses who were in the employment of appellant at the time of the accident, and who knew and saw appellee, at least occasionally, from the time of the accident until the trial of this case. Their testimony cannot be said to do more than to prove that appellee has at times had employment at as good wages as he received before the accident, and to tend to prove, upon some occasions when noticed by witnesses, appellee limped when walking, and upon other occasions did not limp. Appellant also introduced the depositions of several witnesses who had been employed with appellee, since the affirmance of the appeal in his original suit, in the construction of a house, who testified that appellee during the two weeks covered by this employment climbed over and about the building as well as any of the other men employed thereon, and that so far as they could see, he did not limp or show any evidence of pain or inconvenience from his injured ankle. This is, we think, as strong a statement of the effect of appellant's testimony upon this trial as it will warrant. There is no reason shown in this record why appellant could not have known, by the use of ordinary diligence, what each and all of the witnesses who testified orally on this trial knew about the condition of appellee's ankle, or why it should not have had their testimony upon the original trial as well as upon the trial of this case. The testimony of those witnesses, whose depositions were read, and who for two weeks worked with appellee about seven months after the original trial, is practically the only evidence produced here that could not have been produced as well upon the first trial as upon this, and this can hardly be said necessarily to contradict appellee's testimony, much less to convict him of fraud. Appellee's testimony on the first trial was that after walking a good piece, in a few minutes, ten or twelve, the injured ankle would swell and give him much pain. None of these witnesses attempt to say whether or not, after appellee ceased his work upon this building, his ankle would swell and give him much pain.

On the original trial the character and extent of appellee's injury was one of the principal questions involved. Appellant introduced Dr. Cundiff, its mine physician, who attended appellee at the time of the injury, upon this question.  Appellee testified upon that trial that the injury was permanent, and that the joint was stiff, presumably in the presence of this Dr. Cundiff; his petition had alleged that it was permanent and stated he had been damaged thereby in the sum of $15,000.00, all of which certainly was sufficient to put appellant upon notice that this was one of the issues they were trying in that case, and that then, if ever, they must introduce all of their evidence upon that issue.  All of appellant's testimony here is directed to that issue and is merely cumulative.  Counsel for appellant is, of course, correct in saying that a verdict won by fraud should be set aside, but we have been unable to discover from the evidence in this case even the slightest evidence of fraud.  Appellant made no pretense of proving that appellee had said, as alleged in its petition, that "he hit the Stearns Coal & Lumber Company for two thousand dollars, and that he was not hurt bad, etc.," while the testimony of the two physicians who testified on this trial proves conclusively that there is some stiffness in appellee's ankle, and that same is permanent.  The only purpose a new trial could serve in this case would be to give appellant an opportunity to try to reduce the amount of the judgment, and the only reason that could be assigned for granting this privilege, upon the proof here, would be that appellee is able to work for his living, and in doing so did not seem, to a few casual observers, to be so badly injured as his testimony on the trial some months before indicated.

In our judgment the testimony in this case does not entitle appellant to a new trial, and the trial court properly dismissed its petition.

When appellant filed its petition herein it procured an injunction preventing appellee from enforcing his judgment against it.  Upon the trial of the action, the court dissolved this injunction, whereupon appellee asked the court to allow him attorney fees in the sum of two hundred and fifty ($250) dollars as extraordinary damages such as are allowed under section 295 of the Civil Code.  While it is true, as contended by appellee, that such damages as the court may allow under said

section must be assessed at the time the injunction is dissolved, the court had no authority thereunder to allow attorney fees; they must be recovered as a part of the damages in an action on the injunction bond. In addition the injunction was the final relief sought here, and appellee could not under the rule as stated in Burgen v. Sharer, 14 B. Monroe, 399, recover his attorney fees herein.

Perceiving no error in the judgment herein, it is affirmed.