## Pacific Coal Mining Company v. Horn, et al.

(Decided February 25, 1927.)

### Appeal from Muhlenberg Circuit Court.

1. New Trial—In Action for New Trial, Evidence Held to Support Finding that Defendant did Not Make Statements Indicating that he Obtained Judgment Against Plaintiff by Fraud (Civil Code of Practice, Sections 344, 518).—In action for new trial under Civil Code of Practice, sections 344, 518, evidence held to support finding that statements attributed by plaintiff's witnesses to defendant, indicating that fraud was practiced by him in obtaining judgment against plaintiff, were not in fact made by him.

2. Injunction—Motion to Assess Damages to Defendant on Bond on Dissolution of Injunction Held Properly Refused (Civil Code of Practice, Section 295).—Overruling motion to assess damages on injunction bond on dissolution of injunction restraining enforcement of judgment not abuse of discretion vested in court by Civil Code of Practice, 295, where defendant made no showing as to damages sustained by withholding amount of judgment, and he was allowed interest at 6 per cent.

EAVES & SANDIDGE for appellant.

DOYLE WILLIS and E. A. TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an action for a new trial under sections 344 and 518 of the Civil Code of Practice.

At the April term, 1924, of the Muhlenberg circuit court, the appellee, Eura Horn, recovered a judgment against the appellant for $2,500.00 for injuries alleged to have been received by him while working in appellant's mine. The appellant, coal company, prosecuted an appeal from that judgment and the case was affirmed on November 24, 1925, in an opinion by this court, which is reported in 211 Ky. 444, 277 S. W. 511. The issue in that case was whether the plaintiff therein was injured in the mine as a result of the defendant's negligence or by being thrown from his own mule while not in the employment of the defendant. After the case had been affirmed, mandate issued and an execution placed in the hands of the sheriff of Muhlenberg county, this action was brought by the coal company in which it sought a new trial upon the ground of newly discovered evidence and for fraud practiced by Horn on the trial of his action

against the company. A temporary restraining order restraining the appellee, Horn, from taking any steps to collect the judgment in the ordinary action and restraining the sheriff from levying the execution then in his hands was issued by the clerk of the circuit court, and the trial court overruled a motion to dissolve this temporary restraining order. Proof was taken by depositions and, the case having been submitted, the trial court declined to grant appellant a new trial and dismissed its petition, and it has appealed.

In support of the allegations in its petition for a new trial, appellant relies upon the testimony of Lewis McDowell, Harlan Brown, S. M. Dennison, Elmer Dennison and Charlie Stewart. McDowell testified that he was a witness for Horn at the trial of the case, which resulted in a verdict for $2,500 in his favor, and that after the verdict was returned he left the courthouse with Horn and rode home in the latter's automobile; that while walking from the courthouse Horn said, "That's one we put over; I was really hurt by the mule, by being thrown by the mule; that's one I put over," and that he repeated this statement in substance several times during the ride home.

Harlan Brown testified that he rode home with Horn and McDowell after the verdict had been rendered in the case and that he heard them "talking about something he felt they had pulled over Mr. Glass in this case," Glass being the manager of appellant's mine. Horn denied that he made any such statements, and two witnesses who claimed they were riding in the machine when these statements are supposed to have been made testified that no such conversation occurred. These witnesses admit they rode home with Horn and McDowell on the afternoon after the evidence had been introduced and before the verdict had been returned, which occurred on the following day, but McDowell admits that he probably did not return to the county seat on the day the verdict was returned and that the conversation testified to by him might have occurred on the afternoon of the previous day. McDowell further testified that in November, 1924, he and a number of others named by him were at the Oakland mines, a strike being in progress at the time; that the appellee, Horn, appeared at the Oakland mines apparently with the intention of going to work and

that he (McDowell) and those with him, tried to prevent him from so doing and that, in the course of the conversation with him, Horn again said that he had not been injured in appellant's mine but had been injured by being thrown by a mule. McDowell was corroborated as to the statements made by Horn at the Oakland mines by the two Dennisons and Charlie Stewart. McDowell also testified that Rube Noffsinger and Fred Malone were present in November, 1924, when this conversation occurred.

Horn testified that McDowell and those with him called him to one side when he appeared at the Oakland mines and tried to induce him not to go to work and that they talked and acted in a very threatening manner. He denied that anything was said in regard to the case that had been tried against the appellant, Pacific Coal Mining Company.

Noffsinger, who was present, testified that the entire conversation was relative to Horn going to work in the Oakland mines and that during the conversation nothing was said about the latter's injury in appellant's mine.

Fred Malone, who was also present, testified that he heard nothing said about Horn's injury in appellant's mine or about the case which had been tried growing out of that injury.

A number of other witnesses, who were near when the alleged conversation occurred at the Oakland mines, testified that McDowell and those with him were attempting to prevent Horn from going to work; that McDowell did most of the talking and Horn appeared to be frightened. It appears that the Oakland Coal Company was attempting to operate its mines with unorganized labor and that McDowell and others, who were members of the coal miners' union, had gathered there for the purpose of preventing men from going to work pending the strike. They became incensed at Horn when he appeared on the scene with the apparent intention of going to work, and the circumstances existing at the time render it highly improbable that he would make the statements relied on by appellant in its action for a new trial, and witnesses who were present denied that such statements were made.

It will be noted that only a question of fact is involved and that is whether the statements attributed by

appellant's witnesses to Horn were made by him, and that question has been found by the chancellor against the appellant. Under all the circumstances we cannot say that his finding is against the weight of the evidence.

When the judgment was entered herein the appellee moved the court to assess the damages on the injunction bond executed at the time of the filing of the action and to award damages to the extent of ten per cent of the judgment enjoined and interest. The court overruled this motion and the appellee has taken a cross-appeal. The assessment of damages on injunction bonds in cases of this nature is governed by section 295 of the Civil Code of Practice. The appellee made no showing as to any damages that he had sustained by reason of the withholding from him of the amount of the judgment recovered by him in the ordinary action. That judgment was superseded and when it is finally paid appellee will collect, in addition to damages, interest thereon at the rate of six per cent from the date thereof to the time it is paid. The chancellor apparently took this fact into consideration and, in effect, held that interest at the rate of six per cent on the amount of the judgment during the time it was withheld was the fair value of the use of the money appellee was enjoined from collecting. Under the provisions of section 295 of the Code this was a matter within the discretion of the court.

The judgment is affirmed on both the original and cross appeals.