## Parsons, et al. v. McCollum, et al.

(Decided November 18, 1927.)

## Appeal from Rockcastle Circuit Court.

1. Attachment.—Where a judgment debtor recovered from the buyers thereof exempt property sold under attachment, on his agreement to assume and pay the sale bonds, but, although he had not so paid, and the purchasers and their bond sureties were insolvent, the debtor converted such property to his own use, and then sued on the attachment bond for the value thereof, held, that he should not be permitted to retain the property and also recover its value; the defendant in the attachment bond action having a judgment against such debtor for more than debtor's judgment against bond defendant.

2. New Trial.—Where a debtor whose property had been attached and sold claimed exemption therein, whereupon the attachment was discharged, and the property recovered from buyers by debtor's agreeing he would pay the bonds executed by purchasers for purchase price, but debtor did not pay such sale bonds, converted the property to his own use, and then sued on attachment bond for value of the property, obtaining judgment therefor without defendant knowing the true situation, held, that a petition reciting such facts, fraudulent concealment of them, and discovery thereof after term stated cause of action for a new trial after term, as provided by Civil Code of Practice, sections 344, 518.

C. C. WILLIAMS for appellants.

H. C. CRESS for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant J. M. Parsons recovered a judgment for $1,137 against the appellee C. A. McCollum in the Rockcastle circuit court in 1923. In that action two

horses, a cow, and other personal property belonging to McCollum were attached and sold. The attachment was later discharged, and McCollum brought an action on the attachment bond against J. M. Parsons and his surety, the appellant S. F. Bowman, and recovered a judgment of $382.50, with interest and costs. An execution was issued on the judgment and placed in the hands of the sheriff, and appellants brought this action, in which they sought a new trial upon the ground of newly discovered evidence and for fraud practiced by McCollum on the trial of his action on the attachment bond.

A temporary restraining order restraining the appellee McCollum from taking any steps to collect the judgment in the ordinary action and restraining the sheriff from levying the execution then in his hands was issued by the clerk of the circuit court. The trial court sustained a demurrer to the petition and dissolved the temporary restraining order.

It is claimed by appellant that the property sold under the attachment and for the value of which appellee McCollum recovered a judgment in his suit on the attachment bond was delivered by the purchasers to McCollum under an agreement with him that he would pay the bonds executed by the purchasers for the purchase price, and that he took the property and used it as his own, and afterwards disposed of it and converted the proceeds to his own use; that McCollum fraudulently concealed these facts, and appellants did not discover them until after judgment had been entered in the suit brought by McCollum on the attachment bond; and that if that judgment is permitted to stand, McCollum will be permitted to recover, not only the property attached, but also the value thereof.

The prayer of the petition is that this judgment be set aside, or that it be modified so as to allow the plaintiff Parsons a credit on his execution against the defendant McCollum for the amount of the execution in favor of McCollum against him. While the petition did not set out at length, or cause to be made a part of it, the record of the proceedings in the old suit, the facts are set out with sufficient detail and definiteness to enable the court to determine whether plaintiffs are entitled to the relief sought. To permit the appellee McCollum to retain the property sold under the attachment, and, in addition, to recover the value thereof when the plaintiff

has a judgment against him for more than the amount of his judgment against the plaintiff, would be a palpable injustice.

It is alleged in the petition that the property of the defendant, sold under the attachment, and claimed by him to be exempt, was delivered to him by the purchasers pursuant to an agreement whereby he assumed the payment of the sale bonds, and that the purchasers and their sureties on the bonds executed by them are insolvent. It is further alleged that, when the judgment was rendered for the value of the exempt property sold under the attachment, the plaintiffs did not know, nor could they have known by the exercise of reasonable diligence, that the property had been restored to the defendant and converted by him to his own use, and that these facts were fraudulently concealed by him during the trial, and were discovered by the plaintiffs after the rendition of the judgment.

The petition stated a cause of action under sections 344 and 518 of the Code, and the demurrer should have been overruled. Wherefore the appeal is granted, and the judgment reversed, with directions to overrule the demurrer to the petition.