## Union Gas & Oil Company, et al. v. Indian-Tex Petroleum Company, et al.

(Decided June 27, 1928.)

### Appeal from Johnson Circuit Court.

E. L. McDONALD and D. L. HAZELRIGG for appellants.

E. C. O'REAR, WHEELER & WHEELER and S. S. WILLIS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

By this action plaintiff below and appellant here, Union Gas & Oil Company, seeks to vacate a judgment rendered by the Johnson circuit court on April 17, 1922, and affirmed by this court on January 23, 1923. Union Gas & Oil Co. v. Indian-Tex Petroleum Co., 199 Ky. 384, 251 S. W. 1008.

On May 21, 1927, the Union Gas & Oil Company brought this suit. The facts alleged in the petition are substantially the same as the facts alleged in the petition in Union Gas & Oil Co. v. Wayne Wright, 225 Ky. 1, 7 S. W. (2d), 248. A side agreement like the one there involved except as to names, dates, and amounts is relied on as showing fraud and authorizing a vacation of the former judgment. In Union Gas & Oil Co. v. Wayne Wright, supra, in referring to the side agreement, we said:

> "The only thing alleged here is that the lessees made with the lessors the side agreement as charged, and that appellants did not discover this side agreement in the former action. This was not a fraud practiced in obtaining the judgment. To give the statute (section 518 of hte Code) such a construction would make it mean that in every case practically, where new evidence was discovered which the successful party in the former suit knew of and did not

produce, a new trial may be had under this section, when it is clear that by section 344 an application for a new trial on the ground of newly discovered evidence must be made in three years. The plaintiffs in the former action were in no wise called on to disclose the contract between them, and it is a misnomer to call the judgment a judgment obtained by fraud, because they did not volunteer the information as to the nature of the contract between them.''

That case controls here, and the judgment is affirmed.