## Metropolitan Life Ins. Co. of New York v. Myers et al.
### (Decided Oct. 26, 1937.)

524

ROUSE & PRICE and CHARLES S. ADAMS for appellant.
RALPH P. RICH for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

On April 11, 1932, a suit was filed by Charles M. Myers, individually, and as the administrator of the estate of his deceased wife, Sallie A. Myers, against the Metropolitan Life Insurance Company, to recover the proceeds of certain insurance policies on the life of Thomas E. Myers, aggregating $1,168.70. Charles M. Myers was the foster father of the insured. It was alleged that Thomas E. Myers had disappeared and had not been heard from since November, 1924, and facts showing his presumptive death were stated. Upon a trial, without a jury, the court rendered judgment on December 19, 1932, declaring Thomas E. Myers "to be and he is deemed in law dead, as having died on the 30th day of November, 1931," and granting recovery of the sum sued for. The judgment was paid shortly thereafter to Charles M. Myers.

On September 9, 1933, the manager of the insurance company's office in Covington received a telephone

call from a man who stated he was Thomas E. Myers, and who advised that he was mailing a letter to the company. The letter called attention to the judgment declaring him to be dead and the payment of the insurance proceeds to Charles M. Myers. The relevant substance of the letter was that he (the writer) had not defrauded the company but Charles M. Myers had done so; that, while the court had the case under advisement, the latter knew he was alive, as he had during that period visited Charles M. Myers. He had threatened him with prosecution for forging a check he (Thomas) had given seven or eight years before if he did not leave the community at once. The implication contained in the letter is that the writer had been a fugitive from justice. He listed the names of several persons who knew that Charles M. Myers had seen him at the time mentioned, and stated that he would later give the company his permanent address and aid it in righting the wrong. The authenticity of this letter as from the insured, Thomas E. Myers, was clearly established.

In November, 1934, the insurance company filed a suit against Charles M. Myers, individually, and as the administrator of Sallie A. Myers, to set aside and vacate the judgment and to grant it a new trial, under the provisions of sections 340 and 518, subsection 4, Civil Code of Practice. The answer admitted Charles M. Myers had testified on the original trial to the fact that his foster son, Thomas, had disappeared and had not been heard from for more than seven years, and admitted that he was alive. It denied the allegations of fraud and wrongful action and pleaded the innocence of the continued life of the insured until September, 1933.

Although Thomas E. Myers did not testify in this case, apparently because he could not be located, upon good and sufficient evidence the court found, as a fact, that Charles M. Myers did know that the insured was alive when the former judgment was rendered and had perpetrated a fraud upon the insurance company. In that conclusion we concur. But the court held he could grant no relief under the terms of section 340 of the Civil Code of Practice upon the ground of newly discovered evidence, for the defendant in the original action (the plaintiff in this) had not seasonably acted as prescribed by section 344 of the Civil Code of Practice.

In that conclusion also we concur. Expressing the opinion that the case called for the relief sought, the court, however, was of opinion that he could not grant it under subsection 4 of section 518 of the Civil Code of Practice, as construed by this court. He, therefore, denied and dismissed the petition. The insurance company appeals.

Fraud that will justify the setting aside of a judgment under this subsection of the Civil Code of Practice may be put in four classes.

If the fraud was practiced on the court, it must have been such as had the effect of presenting the appearance of jurisdiction, but which the court in fact did not have. The fraud must relate to jurisdictional matters and not to such as constituted a defense of the cause of action. Thus: In Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728, it was held that a judgment of divorce granted upon constructive service, resting upon a false, fraudulent, and perjured affidavit of plaintiff, could be set aside in the court which rendered it as constituting a fraud upon the jurisdiction. But in Greene v. Fitzpatrick, 220 Ky. 590, 295 S. W. 896, where the heirs of a man who had adopted a woman as his daughter sought to have the judgment of adoption set aside upon the ground, among others, that the consideration or inducement for the adoption was illegal, and that this relationship and purpose of its continuance had been concealed from the court, it was held that this ground did not authorize the vacation of the judgment, as it did not relate to a jurisdictional matter. See, also, Metcalf v. Metcalf, 250 Ky. 202, 61 S. W. (2d) 1083.

Another class of distinctive cases is that where a party was prevented from making a defense by being lulled into security and inaction, or by being misled or thrown off guard by a promise or some act of his adversary or his counsel. Within this class are May v. Vaughn, 91 S. W. 273, 28 Ky. Law Rep. 1088, where in violation of an agreement with other interested parties suit had been brought and judgment rendered under which land of a decedent was sold, all without the knowledge of those parties; and Amick v. Taylor, 207 Ky. 304, 269 S. W. 327, where a defendant was advised by plaintiff that no judgment against him was sought. See, also, Winkler v. Peters, 142 Ky. 83, 133 S. W. 1144.

Typical of cases where judgments were obtained by fraudulent representations concerning the time of trial, or proceeding to take judgment without notice pending negotiations for settlement, are Kingsley v. Daniels, 157 Ky. 194, 162 S. W. 813; Dark Tobacco Growers' Co-operative Association v. Bevins, 216 Ky. 121, 287 S. W. 355; Johnson v. Gernert Bros. Lumber Company, 255 Ky. 734, 75 S. W. (2d) 357.

Of the third class is a case which usually is decided or stated negatively. Such seeks to set aside the judgment because of fraud practiced in relation to the subject matter of the original action, or to a defense which might have been offered in it. If that is the ground or basis of the fraud, the remedy provided by section 518, subsection 4, of the Civil Code of Practice, is not available unless by reason of some fraud on the part of the successful party the defendant was prevented from making the defense which he had and has. An illustrative case is Ring v. Freeland, 222 Ky. 147, 300 S. W. 341, where a married woman, sued on a promissory note and properly before the court, had a default judgment rendered against her. She sought to have it set aside upon the ground that her signature had been procured by fraud and duress and was ineffective because it was answering for the debt of her husband. This was held to be at most a fraud practiced by the plaintiff to obtain the cause of action and not fraud preventing a defense to the action.

There may be put in this third group cases where the sum and substance of the petitions to vacate judgments and grant new trials was merely newly discovered evidence, and it was hoped to avoid the limitations of time contained in section 344 of the Civil Code of Practice by designating the circumstances as fraudulent, when as a matter of fact they were not. The remedy of section 518, subsection 4, is not available in such cases. Union Gas & Oil Company v. Wright, 225 Ky. 1, 7 S. W. (2d) 248; Union Gas & Oil Company v. Gillem, 225 Ky. 302, 8 S. W. (2d) 397; Union Gas & Oil Company v. Indian-Tex Petroleum Company, 225 Ky. 301, 8 S. W. (2d) 397.

In the fourth classification we have a number of cases not embraced in any of the above groups but which clearly come within the letter and the spirit of subsection 4, section 518, as presenting fraud practiced

in obtaining the judgment. We note a few that are more pertinent to the case at bar in which the judgments were vacated or good causes of action authorizing vacation were stated.

In Newland v. Gentry, 57 Ky. (18 B. Mon.) 666, the complainant, in a suit in equity involving the estate of a decedent and the rights of infants, instead of presenting to the court a fair and full statement of the true condition of the estate, concealed the existence of certain facts which, if disclosed, would have diminished his share in the estate and increased that of the defendants in the suit. It was held that the latter were entitled to have the judgment set aside because of fraud practiced in obtaining it.

In Owens v. Howard, 149 Ky. 116, 147 S. W. 891, an uneducated man had kept no memorandum of transactions between himself and another but relied solely on him to keep the accounts. Judgment had been rendered against the former. He brought a suit for a new trial in which he charged the other party had intentionally and fraudulently concealed or had forgotten an item for which he was entitled to credit. It was held that relief was properly granted because of fraud practiced by the successful party.

Other cases of concealment of material and controlling facts, while not quite analogous, are Commonwealth v. Harkness' Adm'r, 197 Ky. 198, 246 S. W. 803; Parsons v. McCollum, 221 Ky. 813, 299 S. W. 981.

In Stearns Coal & Lumber Company v. Tuggle, 167 Ky. 438, 180 S. W. 532, 533, suit was brought under this section of the Civil Code of Practice to vacate a judgment for damages on account of personal injuries upon the ground that the plaintiff had feigned his injuries. The court held the petition for a new trial stated a cause of action, and it was observed:

"Counsel for appellant is, of course, correct in saying that a verdict won by fraud should be set aside."

But the refusal of the trial court to grant a new trial upon the evidence was sustained, although it is indicated in the course of the opinion that the defendant in the original action could, at the time of the trial, have discovered the evidence introduced in the new suit tending to minimize the extent and degree of injuries.

In Pacific Coal Mining Company v. Horn, 218 Ky. 554, 291 S. W. 767, suit was brought to vacate a judgment in a personal injury action, based upon statements of the successful plaintiff that he had "put one over" on the defendant. And in Hoover v. Dudley, 228 Ky. 110, 14 S. W. (2d) 410, the charge was a conspiracy on the part of the successful parties to prevent the presentation of a defense. No question was raised in either of these cases as to the propriety of bringing the suits upon the ground of fraud, but each was decided adversely to the petitioning defendants upon the facts.

In Reynolds v. Evans, 244 Ky. 267, 50 S. W. (2d) 549, 550, it is said:

"Of course, if a judgment were obtained through the perjured testimony of the successful party, clearly if that could be established, it would be such a fraud as would warrant the granting of a new trial under the express provisions of section 518 of the Civil Code of Practice."

The case of Greene v. Fitzpatrick, supra, seems to have misled the trial court, as expressed in his opinion, to the conclusion that the fraud meant by subsection 4 of section 518 is strictly limited to such fraud as had the effect of conferring jurisdiction upon the court which it does not have, and does not mean fraud which could have been made as a matter of defense or fraud perpetrated during the progress of the trial when the court has jurisdiction. That was the major consideration of the opinion, for the fraud alleged was upon the court, not upon the party. But, as we have demonstrated, the remedy afforded by this provision is by no means so constricted. Indeed, in that very case it was held that an amended petition, charging that the adopted woman against whom the suit in equity was brought had obtained the adoption judgment by fraud and undue influence, stated a good cause of action and the court had erred in sustaining a demurrer to it.

Here, it may be said, as the appellee maintains, that the fact that the insured was alive when the judgment was rendered was something the defendant could have but did not establish; that is, that this is the disclosure of newly discovered evidence sustaining the defense to the original action. It is more than that. The same could be said as to all the cases we have

analyzed and placed in the fourth classification. In a case of this kind, where there is and can be no question that gross fraud has been committed and money obtained unjustly from another, technicalities of interpretation or refinement of distinction should not and will not be permitted to embarrass the court in exercising its power to do justice.

The judgment is reversed, with directions to grant appellant a new trial as prayed.

Whole court sitting.