# Triplett et al. v. Stanley et al.

June 13, 1939.

W. E. Begley, Judge.

H. C. Clay & Sons for appellants.

C. R. Luker and S. E. Begley for appellees.

Opinion of the Court by Creal, Commissioner—Affirming.

N. B. Triplett, a citizen and resident of Laurel County, died testate in September, 1935, and thereafter his son, Dr. H. H. Triplett, who was nominated in the will as executor, duly qualified as such and proceeded to administer and settle the estate. He and other heirs of decedent brought suit against their sister, Stella Stanley, and her husband Wm. Stanley, and other heirs of decedent for a sale of several parcels of real estate owned by decedent at the time of his death. Husbands and wives of the various heirs were made either parties plaintiff or defendant.

On February 28, 1931, N. B. Triplett executed and delivered to Wm. Stanley a written lease on a lot including a building and storeroom in South Corbin where the latter and his wife, Stella Stanley, operated a store at a rental of $30 per month for a term of one year with the privilege to Wm. Stanley of extending the lease from year to year for four additional years and the further privilege of extending the term of the lease for five additional years, making a total of ten years at the same rental, but, the lessee agreed that if the business at that location should justify him in so doing, he would pay $35 per month for the second five year period instead of $30, that being optional with him and dependent upon the success of his business. This lease or the terms thereof were fully set out in the petition for the sale of the land of decedent and it was alleged in substance that at the end of the first year referred to therein, Wm. Stanley elected to and did agree with decedent to extend the lease from year to year for four additional years, making in all five years which term expired on February 28, 1936, and after the death of N. B. Triplett; that there had been no extension or renewal of the lease at the time and no one authorized to extend or renew it for any time thereafter but notwithstanding such fact the lessee had continued to occupy the lot and building and continued his mercantile business and was claiming the right to occupy same for the full term of ten years; that the lease was indefinite, uncertain and did not authorize any construction contended for by the lessee but it in fact expired February 28, 1936, and that the lessee had at all times since been a tenant by sufferance. They

asked that the property be sold free from the lease which was directed to be done in the judgment decreeing a sale of the property of decedent. At the decretal sale a brother of Stella Stanley became the purchaser of the property and the report of sale was confirmed.

Wm. and Stella Stanley instituted this action against H. H. Triplett and other heirs of decedent under Section 518 of the Civil Code of Practice, praying that so much of the judgment as directed the leased property be sold free from the lease be set aside and held for nought and that they be adjudged the legal holders of the property under the lease until the expiration of the ten year term as therein provided. They set out the allegations of the petition for the sale of the land of decedent with respect to the lease and alleged that such allegations were untrue; that under the lease they were entitled to hold the property for the full period of ten years and had elected to do so and had been paying rental therefor at the rate of $30 per month for the second five years, the business not justifying the paying of the additional rental provided in the lease. They further alleged that after they had been served with summons in the suit for sale of the land and while Stella Stanley was looking after the business during an illness of her husband, she went to her brother, H. H. Triplett, asked him what the suit was about and he told her it was not necessary for her to appear or make any defense and that the rights of herself and her husband would be protected; that he did not mention to her that plaintiffs in that action were seeking to cancel the lease; that because of the facts stated they did not go to London to examine the pleading and did not learn until after judgment was entered that the lease on the property had been cancelled or that it was sought in the petition to cancel same; that by reason of the false and fraudulent statements of H. H. Triplett they were kept from making defense to the suit. They made the record in the suit to sell the land a part of their petition the same as if incorporated therein.

Defendants traversed the allegations of the petition and in a separate paragraph set up affirmative allegations which may be referred to in discussion of the points raised in brief. A traverse of the answer and some affirmative matter of the reply completed the issues.

On final hearing it was adjudged that the judgment

entered in the action to settle the estate insofar as the cancellation of the lease in controversy was concerned should be cancelled and set aside and the order confirming the sale so far as it confirmed same free from the lease should be set aside and the defendants are appealing.

It is argued by counsel for appellants that the petition was insufficient and the demurrer thereto should have been sustained because the facts stated therein were not sufficient to entitle appellees to a new trial; that the petition did not pray for a new trial and further that there were no allegations as to fraud, unavoidable casualty or misfortune, preventing Wm. Stanley from appearing. The petition does allege fraud practiced by the successful party upon appellees or upon Mrs. Stanley who was acting as agent for her husband and this fraud was set out with particularity and would, if sustained by the evidence, have authorized the chancellor in granting the relief sought.

Authorities are cited to the effect that a petition to vacate a judgment should set forth the judgment and the grounds to vacate or modify and the defense to the action, if the party applying was a defendant, but the authorities cited hold that the judgment sought to be vacated and the proceedings in which it was rendered must be fully set out or the record made a part of the petition. That was done in the instant case, but strange to say, a motion of appellants to strike the record in which the judgment sought to be set aside was rendered was apparently sustained by the lower court. Appellees fully complied with the requirements set out in the authorities cited when they made the entire record in the proceedings to sell the land a part of their petition. The claim that the petition was defective in that it did not specifically ask for a new trial is without merit since if such specific allegation was necessary the purpose of the action was clearly manifested by the petition and there was a prayer for all relief to which appellees were entitled.

The petition set forth directly and with particularity the alleged right of appellees to continue the lease for a term of ten years and that they had in fact elected to and had done so; that the allegations to the contrary were untrue; that because of the fraud and misrepresentations of opposing parties they were induced not to make investigation or appear and make a defense;

therefore, according to the allegations of the petition, they were by the opposing parties lulled into a sense of security and inaction and misled into not investigating and making a defense to that part of the petition relating to cancellation of the lease. On such showing they are entitled to relief under Section 518 of the Civil Code of Practice. See Krypton Coal Co. v. Eversole, 184 Ky. 571, 212 S. W. 421; Metropolitan Life Ins. Co. v. Myers, 270 Ky. 523, 109 S. W. (2d) 1194. In Johnson v. Gernert Bros. Lumber Co., 255 Ky. 734, 75 S. W. (2d) 357, it is said in substance that the word "fraud" as used in Section 518, supra, is not confined to vicious import of a wicked motive or deliberate deceit, etc., purposely conceived, but embraces merely leading astray, throwing off guard, or lulling to security and inaction, be its intention or motives good or bad.

It is further argued that the evidence was not sufficient to support the judgment; however, the evidence for appellees strongly tends to support the allegations of their petition. Mrs. Stanley testified positively that when she asked her brother if it would be necessary for her to go to London to look after the suit, she was informed that it was merely a suit to settle the estate and that her rights would in no way be prejudiced or affected. As pointed out by the chancellor, H. H. Triplett admitted having a conversation with his sister about the matter but stated that he told her as he told the rest of the heirs who called him up that if they had anything against the estate to go down and answer and when asked why he did not tell his sister, he replied, "She did not ask me." He seemed rather vague in his answers and his evidence and the evidence of some other witnesses indicates that he purposely withheld from Mrs. Stanley information which if she had possessed she and her husband would have made defense. Apparently the lease was a favorable one to appellees and they would have attempted to protect their rights under it, if they had been acquainted with the facts. One of the attorneys for appellants testified that he did indicate to Mr. and Mrs. Stanley that they should employ a lawyer to look after their interests but this is denied by them. On the whole, and without further recital, the evidence preponderates to sustain the allegations of appellees' petition and therefore under well recognized rules the finding of the chancellor should not be disturbed.

It is most earnestly argued by appellants that Mrs.

Stanley was not a competent witness against her husband. So far as our search of the record discloses, there was no objection to the competency of Mrs. Stanley as a witness. There were objections interposed to certain evidence given by her but those objections did not raise the question of her competency as a witness but only the competency of the particular evidence objected to. It is a rule in this jurisdiction that the competency of a wife as a witness may be waived and the failure to object constitutes such waiver. Tolly et al. v. Champion's Ex'r, 191 Ky. 114, 229 S. W. 90; Hembree v. Commonwealth, 210 Ky. 333, 275 S. W. 812. But even if there had been objection to the competency of Mrs. Stanley as a witness, an exception is made in Section 606 of the Civil Code of Practice to the rule contended for by appellants where the wife is acting as agent for her husband, under which she may testify concerning matters connected with the agency. Mrs. Stanley testified that at the time she was acting as agent for her husband who was ill and her evidence further discloses that she was acting in her own interest as well.

Some other points of minor importance are argued but what we have already said in discussion of other questions is sufficient to dispose of them.

Judgment affirmed.