### HAMILTON v. HAYES FREIGHT LINES, Inc.

Court of Appeals of Kentucky.
June 13, 1952.

As Modified on Denial of Rehearing Oct. 17, 1952.

Shumate & Shumate, Irvine, for appellant.

E. B. Rose, Beattyville, Redwine & Redwine, Winchester, Smith, Reed & Leary, Frankfort, for appellee.

LATIMER, Justice.

The sole question is whether concealment of a settlement made before trial with one alleged joint tort feasor constituted such fraud as would justify the setting aside of the judgment under the provisions of section 518(4) of the Civil Code of Practice.

On December 5, 1949, Harold Ray Hamilton (hereinafter referred to as Hamilton) and his mother, Grace, sued the Hayes Freight Lines (hereinafter referred to as Hayes) and John Winn, alleging that they were guilty of joint negligence in causing an injury to Hamilton. Hayes was delivering a boiler to the dry cleaning plant of Mrs. Hamilton. Winn, who operates a garage in Irvine, Kentucky, was employed to assist in the unloading. During this process, the boiler fell on Hamilton, whereby he suffered severe injuries.

The codefendants, Winn and Hayes, had separate counsel. Counsel for Winn also represented his insurance carrier. Prior to trial, a conference of the attorneys for all three parties was held and Hamilton offered to settle the cases for $9,000. Counsel for Hayes refused, and made a counteroffer of $1,500. This was also refused and the case came to trial on May 22, 1950, in the Estill Circuit Court.

It is clear from the evidence that the attorneys of the defendants used Winn in assisting them in selecting the jury. While the testimony is conflicting as to the extent to which the attorneys relied on Winn's selections, there is little doubt but that his choice was important to them. This is particularly true as regards counsel for Hayes, who was a non-resident of the county of trial.

In his closing remarks to the jury, counsel for Hamilton stated to the jury that it was highly doubtful if Winn was negligent and that as far as he was concerned, he only wanted a verdict against Hayes. Previous to this, he had opposed a motion of counsel for Winn to dismiss. Immediately after the closing arguments, counsel for Hayes asked counsel for Winn if there had been any settlement between Winn and Hamilton. The reply was in the negative. According to Hayes' counsel, a similar query before the trial had also been answered in the negative.

The jury returned a verdict of $23,225.30 for Harold Hamilton against Hayes and

$528.31 for Mrs. Hamilton. They found that Winn was "not guilty." An appeal was perfected to this court and is now pending.

Some months after the trial, counsel for Hayes discovered that an agreement of settlement had, in fact, been made between Hamilton and Winn through counsel. The agreement, authorized by Winn's insurance carrier, was in effect that the case against Winn was to go to trial, and regardless of its outcome, Hamilton was to receive $4,-500.

This suit, to set aside the judgment because of fraud, was then filed in the Estill Circuit Court. The regular judge disqualified himself and testified that he had no knowledge of the settlement. The special judge who heard the case ordered the prior judgment set aside and delivered a written opinion in which he declared that there had been a fraud upon the court as well as upon Hayes. This appeal concerns itself with the correctness of that decision.

■ Appellant Hamilton first contends that the fraud necessary to set aside the judgment must be of such a nature as to go to the jurisdiction of the trial court. This identical contention was rejected by this court in the case of Metropolitan Life Insurance Co. of New York v. Myers, 270 Ky. 523, 109 S.W.2d 1194. We pointed out that fraud as to the jurisdiction was only one of several types of fraud contemplated by section 518(4).

■ Appellant also argues that no fraud resulted from the concealment of the settlement and that no injury had been suffered by appellee. The concept of fraud within the meaning of this code provision is not limited to an intentional act or to some deliberate deceit, but includes any act which might lead the other party astray, throw him off guard, or lull him into security and inaction, regardless of the intention. All that is necessary is a resultant advantage to one party and an apparent injustice and disadvantage to the other. Johnson v. Gernert Bros. Lumber Co., 255 Ky. 734, 75 S.W.2d 357. "A false impression may consist in a concealment of what is true as well as the assertion of what is false. The so causing a false impression constitutes fraud." Commonwealth v. Smith, 242 Ky. 365, 46 S.W.2d 474, 477.

■ We think that the action of counsel for Winn in denying that there had been any settlement and the failure of counsel for Hamilton to inform the court and opposing counsel that there had been a settlement constitutes at least constructive fraud, not only upon the opposing party, but also upon the court.

It is apparent that if the judicial process is to achieve the high level sought by all, only real issues must be tried before the court. The administration of justice contemplates an impartial court that is informed on all the facts of the controversy before it. This places a duty upon attorneys to inform the court of settlements. In this case, it is admitted that the settlement was deliberately concealed. No attempt to justify this is offered.

The false impression created by the concealment of the settlement constituted a fraud on Hayes. Hayes is an Illinois corporation, while Winn and the Hamiltons were residents of Kentucky. As the cause went to trial with Winn as one of the defendants there was not such diversity of citizenship as would enable a transfer of the case to Federal Court. When the settlement was discovered, it was too late to transfer the case. This right of transfer may have been of great value to Hayes. Moreover, the defendant Winn was the uncle of the plaintiff, Hamilton, and the brother of the coplaintiff, Mrs. Grace Hamilton. We have already pointed out the fact that Winn aided in the selection of the jury. Due to the fact that a settlement had been reached before trial, Winn's selections of veniremen may not have been as careful as if he had actually been concerned with the outcome of the suit. In fact, it put him in the position of "hunting with the hounds and running with the hare."

■ This court is cognizant of the fact that it is the duty of every lawyer to do his utmost to protect the interests of his client. We appreciate the fact that counsel, in concealing the settlement, were only endeavoring to accomplish this. However,

it is an even more fundamental principle that the processes of a court of justice cannot be tainted with fraud.

For the above reasons, we feel that the judgment of the lower court in setting aside the judgment was correct.

Judgment affirmed.